**The STATE of Texas, Appellant,**

v.

**Jim Erwin THOMAS, Appellee.**

**No. A14-88-00355-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1989.

Cathleen Herasimchuk, Houston, for appellant.

Mike DeGeurin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

### OPINION

JUNELL, Justice.

A jury convicted appellee of aggravated sexual assault and assessed punishment at fifty years confinement in the Texas Department of Corrections. The trial court granted appellee a new trial on the grounds that appellee's trial counsel was ineffective. Proceeding under article 44.01 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1989) the State contends the trial court abused its discretion in granting the motion for new trial. We affirm.

Gwendolyn Blacknell, complainant, came to Houston for Labor Day weekend in 1987. On Monday afternoon, complainant asked a friend to take her to appellee's house. Complainant was looking for an old friend whom she thought might be at appellee's house. Complainant admitted that she had been to appellee's house before and had used cocaine at appellee's house.

When complainant arrived, her friend was not at appellee's house. Complainant stayed and watched television for two to three hours because appellee told complainant that her friend had been to the house earlier in the day and was coming back again. When complainant attempted to leave appellee's house, appellee stood up and grabbed at the purse on her arm in an effort to prevent her from leaving. Complainant testified that appellee then beat and raped her.

Appellee testified that he had sexual relations with complainant twice before, but denied that he had an on-going relationship with her. Appellee further testified that on the day of the alleged sexual assault complainant came to his house to use cocaine. Appellee stated that complainant offered him sex in exchange for cocaine. Appellee admitted having sexual relations with complainant on the day she testified she was sexually assaulted.

The jury convicted appellee of aggravated sexual assault. Appellee filed a motion for new trial alleging his trial counsel was ineffective in that he failed to properly investigate the case and to call certain witnesses. The trial court granted appellee a new trial.

In a single point of error the State claims the trial court abused its discretion in granting appellee's motion for new trial on the grounds of ineffective assistance of counsel. A motion for new trial is addressed to the sound discretion of the trial court. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir.1985). An appellate court may reverse the trial court's grant of a new trial only if it finds the decision to be a clear abuse of discretion. *Id.*

In considering the propriety of the trial court's action in granting the new trial, we note the litany of rules guiding our decision to the possible ineffective assistance of counsel. A defendant is entitled to reasonably effective assistance of counsel, a right established by the sixth amendment to the United States Constitution, applied to the states through the fourteenth amendment, and recognized in article I, section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1979). *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Crim.App.1980). Texas follows the federal standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in deciding whether a defendant has received effective assistance of counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986). Under that standard, the defendant must establish two things: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. If either of the elements is not established, the contention fails. *Rico v. State*, 707 S.W.2d 549, 556 (Tex.Crim.App. 1983).

An attorney has a professional duty to present all available testimony and other evidence to support the defense of his client. *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex.Crim.App. [Panel Op.] 1982). Criminal defense counsel has a responsibility to seek out and interview potential wit-

nesses and the failure to do so is to be ineffective where the result is that any viable defense available to the accused is not advanced. *Id.* The decision to call a witness is generally a matter of trial strategy, but the failure to interview a witness will be considered ineffective assistance of counsel when inaction precludes the accused from advancing a viable defense. *Ex parte Duffy*, 607 S.W.2d at 517.

 At the hearing on the motion for new trial six witnesses testified that complainant and appellee had an on-going sexual relationship and that complainant went to appellee's house several times to use cocaine. Connie Rochon, an ex-roomate of complainant, testified that complainant frequently came to Houston to acquire drugs. Ms. Rochon further testified that complainant had previously traded sex for drugs.

Carver Daffin, appellee's trial attorney, testified that during his investigation of the case he learned that complainant had used cocaine at appellee's house and had sexual relations with appellee. He stated that the witnesses who testified at the hearing on the motion for new trial would have been important to appellee's consent defense. Daffin further testified that he did not hire an investigator, and that he did not file a motion for continuance based on the failure to find the witnesses.

Appellee's mother testified that she located several witnesses who had personal knowledge of complainant and appellee's relationship. She further testified that appellee's trial counsel did not ask her to locate witnesses for appellee's trial.

 The evidence at the hearing on motion for new trial establishes that the defense of consent was not fully advanced due to trial counsel's failure to interview and call certain witnesses. The trial court did not abuse its discretion in granting the new trial. The State's sole point of error is overruled.

Finally, we stress that the State's right to appeal should not be abused. The new trial granted in this case could have been completed by this time. Any difficulty in trying the case a second time due to the passage of time could have been alleviated had the State not prosecuted this appeal.

*The order granting appellee's motion for new trial is affirmed.*