**Jacque SHELTON, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–91–155–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 10, 1992.

---

Vick, Chrestman & Carney, and Daniel W. Carney, Weatherford, for appellant.

Patrick Morris, Dist. Atty., Decatur, for State.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

FARRIS, Justice.

Jacque Shelton appeals his conviction for the sexual assault of a minor, contending his attorney denied him effective assistance of counsel by failing to call as a witness at his second trial an alibi witness who testified at his earlier trial. The State has not filed a brief in this appeal; accordingly, we have accepted as correct the unchallenged statements of fact contained in Shelton's brief. *See* TEX.R.APP.P. 74(f). Because we find the failure to call the witness denied Shelton effective assistance of counsel, we sustain his point of error, reverse the judgment, and remand the case for new trial.

Shelton was first convicted of this offense following a jury trial in Wise County. In an unpublished opinion this court reversed that conviction holding the trial court erred in denying his uncontroverted motion for change of venue. Shelton was represented by the same attorney in both trials. The only evidence supporting the State's case against Shelton was the testimony of the complainant who had been sixteen at the time of the alleged offense. Shelton's attorney called Shelton's great-niece, Shonya Engel, as a witness at the first trial but did not recall her at the second trial. Engel's testimony, at the first trial, so completely contradicted that of the complainant that it would have been impossible for the jury to have believed both witnesses. The complainant testified he and Shelton had slept together, in Shelton's bedroom, the entire night of the of-

fense; however, Engel testified she had spent that night at Shelton's home and he had been away the entire night. Engel also testified she heard the complainant's mother attempt to extort money or land from Shelton, by threatening to accuse him of child molestation if he did not give in to her threat. Engel's affidavit, included in the record by agreement, establishes she was available to testify at the second trial, but Shelton's attorney never contacted her.

We sustain Shelton's point because his attorney did not provide him with effective assistance of counsel and that failure prejudiced Shelton's defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Butler v. State,* 716 S.W.2d 48, 53–54 (Tex. Crim.App.1986). When counsel neglected to present available testimony in support of Shelton's alibi defense, he failed in his professional duty to his client. *See Ex parte Ybarra,* 629 S.W.2d 943, 948 (Tex.Crim. App.1982). The attorney's failure to advance the one defense apparently available to Shelton clearly made his assistance ineffective if not incompetent. *See Ex parte Duffy,* 607 S.W.2d 507, 517 (Tex.Crim.App. 1980). In this instance counsel's conduct establishes both elements of ineffective assistance of counsel: a deficiently conducted defense and the resulting prejudice. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Shelton's point of error is sustained and the case is remanded for a new trial.