IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00292-CR

 

H. F. Westerman, Jr.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
2

McLennan County, Texas

Trial Court No. 20034654CR2

 



memorandum Opinion



 








          Seventy-year-old H. F. Westerman, Jr.
was convicted of indecent exposure.  Because we find that Westerman was denied
effective assistance of counsel when his trial counsel failed to interview or
call a corroborating witness, we reverse.

Background

          Heather Reyna testified that on the
day of the incident she parked her car in a grocery store parking lot.  She
said that while getting out of her car she noticed Westerman sitting in a truck
on the passenger side.  About twenty minutes later, Reyna completed her
shopping and was returning to her car.  She glanced into the truck’s open
window and saw Westerman sitting on the passenger side holding down his
underpants with one hand and masturbating with the other.  Reyna got into her
car, pulled into a different parking space, and called 9-1-1.

          Westerman testified that he came to Waco that day to meet a lady with whom he was going to play bingo.  Before he left, he ate
some chicken, which apparently upset his stomach.  So, he pulled into the
grocery parking lot and went inside.  After using the restroom, Westerman
purchased some Pepto-Bismol, a Dr. Pepper, and a bottle of water.  He went back
to his truck and got in on the passenger side and sat there for awhile because
his stomach was still upset.  He testified that he loosened his belt and
unbuttoned his pants because he was uncomfortable.  While sitting there, he
drank the Pepto-Bismol.  Westerman speculated that perhaps Reyna saw him
shaking the bottle of Pepto-Bismol, but denied ever pulling his underwear down
or exposing himself.

          The jury found Westerman guilty of
indecent exposure.  The trial court sentenced him to 120 days’ confinement,
probated for eighteen months, and a $2,000 fine, with $1,800 probated for
eighteen months.  Westerman filed a motion for new trial, which was overruled. 


          On appeal, Westerman argues that (1)
the evidence is legally insufficient to support the jury’s verdict; (2) the
evidence is factually insufficient to support the jury’s verdict; and (3) he
was denied effective assistance of counsel.

Ineffective Assistance of Counsel

          In his third issue, Westerman argues
that the trial court erred in denying his motion for new trial because he was
denied effective assistance of counsel.

          We review a trial court’s ruling on a
motion for new trial under an abuse of discretion standard.  Charles v.
State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004); Freeman v. State,
 No. 10-03-00267-CR, 2005 Tex. App. LEXIS 3093 at *3 (Tex. App.—Waco, April 20, 2004, no pet. h.).  “When as here the motion for new trial alleges ineffective
assistance of counsel, we must determine whether the trial court’s
determination of the ineffective assistance claim and denial of the motion for
new trial were clearly wrong and outside the zone of reasonable disagreement.” 
Freeman, 2005 Tex. App. LEXIS 3093- at *3.

          To establish ineffective assistance of
counsel, an appellant must show that (1) trial counsel’s representation was deficient
and (2) but for counsel’s error, there is a reasonable probability that the
result of the proceedings would have been different.  Strickland v.
Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69, 80 L. Ed. 2d
674 (1984); Davis v. State, 119 S.W.3d 359, 368 (Tex. App.—Waco 2003,
pet. ref’d).

          In evaluating whether counsel was
deficient, we look to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  An appellant must demonstrate by a preponderance of the
evidence that counsel’s representation fell below an objective standard of
reasonableness and prevailing professional norms.  Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment.”  Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson, 9 S.W.3d at 814; Davis, 119 S.W.3d at
368-69.

          The second prong of Strickland requires
a showing that counsel’s errors were so serious that they deprived the
defendant of a fair trial.  Id., 466 U.S. at 686-87, 104 S. Ct. at 2064.  Appellant must show there is a reasonable probability that, but for
counsel’s deficient performance, the result of the proceedings would have been
different.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson,
9 S.W.3d at 812.  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.

          Westerman argues that his trial counsel
was ineffective by failing to interview and call a key witness who could
corroborate his testimony, as well as witnesses who could testify about his
character for truthfulness.

          At the hearing on the motion for new
trial, Westerman testified that he told his trial counsel that the lady he was
supposed to meet on the day of the incident was Peggy Hendricks and that she
was available to testify for him, but his attorney told him it was not
necessary.  Westerman introduced a statement written by Peggy Hendricks in
which she indicated that she had planned to meet Westerman, but she was running
late.  Instead she met him later at the Bingo Hall where she noticed that
Westerman “looked really sick” and needed to go to the bathroom frequently. 
She stated that Westerman showed her the bottle of Pepto-Bismol he had been
drinking from.

          Westerman also produced several
statements from individuals, dated after the trial, that he had talked to about
coming to court to testify for him.  Westerman testified that he mentioned
these individuals to his attorney before trial, but his attorney told him the
less people they had, the better.

          Westerman’s attorney testified that
Westerman had told several different stories concerning the incident: that he
was eating a hot dog, that he was taking a “nature pee,” and that he had an
upset stomach.  The last explanation of an upset stomach was the one provided
to him shortly before trial, but he could not remember whether this was the day
of trial, or within two weeks of trial.  The attorney acknowledged that he knew
of Hendricks as a witness, but viewed her testimony as collateral because at the
time his trial strategy concerned the “nature pee” which did not encompass a
credibility issue.  He also testified that he was aware of the other character
witnesses, but explained that calling them would be “suicide” because he did
not know which version of Westerman’s story they were told.  Yet, he never
interviewed these witnesses to discover what they knew about the incident and
what their testimony would be.  He only called Westerman because he looked
“credible.”

          An attorney has a duty to make an independent
investigation of the facts supporting the defense.  Butler v. State,
716 S.W.2d 48, 54 (Tex. Crim. App. 1986).  This includes the responsibility to
seek out and interview potential witnesses.  Id.; Freeman, 2005 Tex. App. LEXIS 3093 at **4-5; State v. Thomas, 768 S.W.2d 335, 336-37 (Tex.
App.—Houston [14th Dist.] 1989, no pet.).  Also, an attorney has a professional
duty to present all available testimony in support of the client’s defense.  Thomas,
768 S.W.2d 335, 336-37.  Westerman testified that Hendricks was available for
trial, and Hendricks’s statement indicates her testimony would have been
helpful.  Therefore, we find that trial counsel was deficient in failing to
conduct a proper investigation of the trial and interview potential witnesses.  Freeman,
2005 Tex. App. LEXIS 3093 at **4-5 (finding trial counsel deficient for failing
to conduct an adequate pre-trial investigation); In re I.R., 124 S.W.3d
294, 299 (Tex. App.—El Paso 2003, no pet.) (finding trial counsel deficient for
failing to interview potential witnesses).

          The failure to interview or call a
witness will constitute prejudice against the defendant if “it results in the
failure to advance a viable defense.”  In re I.R., 124 S.W.3d at 300; Butler, 716 S.W.2d at 56.  Three people testified at Westerman’s trial: Reyna, a
police officer, and Westerman.  The officer could neither confirm nor deny the
indecent exposure, therefore the outcome of the trial balanced upon the
credibility of Reyna and Westerman.  The State noted more than once that
Hendricks had not been called to testify for Westerman.

          According to her statement, Hendricks
would have corroborated significant parts of Westerman’s version of the
events.  Given that the trial hinged on credibility, and that the State
emphasized that no one was there to corroborate Westerman’s testimony, we
cannot say that had Hendricks been interviewed and called to testify at trial
the outcome of the trial would not have been different.  Strickland, 466
 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.  Therefore,
we conclude that there is a reasonable probability, a probability sufficient to
undermine our confidence in the outcome, that the results of Westerman’s trial
would have been different if Westerman’s counsel had interviewed and called
Hendricks.  See In re I.R., 124 S.W.3d at 302 (finding ineffective
assistance of counsel when a key corroborating witness was not interviewed or
called); see also Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson,
9 S.W.3d at 812.  Accordingly, we find that the trial court abused its
discretion when it denied Westerman’s motion for new trial.  See Charles,
146 S.W.3d at 208.  We sustain Westerman’s third issue.




Conclusion

          We note that the evidence is legally
sufficient, and we do not reach the factual sufficiency question.  Having
sustained Westerman’s third issue, we reverse the judgment of the trial court
and remand for a new trial.

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Justice Vance,
and 

          Justice Reyna

Reversed and remanded

Opinion delivered and
filed June 22, 2005

Do not publish

[CR25]