NO. 07-04-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 19, 2006
_____

CARLOS FERRER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403301; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**OPINION**

Appellant Carlos Ferrer brings this appeal challenging his conviction of aggravated sexual assault and punishment, assessed by the jury, of thirty-five years confinement. His single point of error asserts he was denied the reasonably effective assistance of counsel. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Evidence showed that appellant returned to Slaton after a trip to Lubbock with his girlfriend Jessica and her fifteen-year-old daughter, who was the complainant. The complainant was the only passenger in the truck appellant drove, while Jessica rode in another vehicle. Both Jessica and her daughter were aware appellant had consumed cocaine and beer that evening. When they arrived in Slaton, appellant drove to an isolated area and refused the complainant's request to take her home. The complainant alleged appellant sexually assaulted her in the bed of the truck and she was afraid he was going to kill her. Police were later called, and the complainant was examined and treated at a hospital in Lubbock the same evening. That examination included collection of samples of her blood and urine and swabs for DNA testing. The DNA testing indicated appellant had engaged in sexual conduct with the complainant. Analysis of her urine for the presence of cocaine, marijuana and four other common illegal drugs was negative. Tests performed on the blood sample also were negative for the presence of alcohol.

Appellant was charged with aggravated sexual assault. The indictment alleged the complainant was younger than seventeen and that appellant placed her in fear of imminent serious bodily injury. A second count charged the offense of sexual assault, alleging only that the complainant was younger than seventeen years of age at the time of the assault. The charge required the jury to find the complainant was under seventeen and appellant placed her in fear of serious bodily injury to find him guilty of aggravated sexual assault. It permitted the jury to find appellant guilty of the lesser offense of sexual assault if they found the complainant was under seventeen but did not find he placed her in fear of serious bodily injury. The jury found appellant guilty of aggravated sexual assault.

2

Punishment was assessed in accordance with the jury's verdict at thirty-five years confinement. Defense counsel filed a motion for new trial challenging the sufficiency of the evidence and asserting he was ineffective for, *inter alia*, failing to have the victim's blood tested for drugs and alcohol before trial. He did not seek to present any evidence at the hearing on his motion for new trial. The trial court denied the motion by a written order.

Appellant's sole point of error asserts that trial counsel's failure to seek independent testing before trial of the blood sample taken from the complainant during the hospital examination denied him effective assistance of counsel. He argues this failure prevented counsel from effectively addressing the issue of alcohol or drug use by her at the time of the alleged assault. During trial, defense counsel informed the court he wanted to have the blood sample tested for the presence of drugs, asserting cocaine would not have shown up in the urinalysis at the time of the examination. Counsel initially asserted the "rape crisis packet" did not say anything about the collection of a blood sample. During a subsequent discussion defense counsel conceded the medical records made reference to blood collection but he repeated that the sample was not tested for cocaine. The trial court denied the request as untimely.

We review claims of ineffective assistance of counsel by the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements: that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The first component is

3

met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable. *Id*. A claimant must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

In making our review, we must also bear in mind that there is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). We must look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Id.*

Deficient Performance

Appellant's argument assumes the trial court's denial of his request for a continuance to perform an independent test of the blood sample was proper. He focuses on trial counsel's failure to request testing of the sample before trial. The record shows trial counsel was not aware a blood sample had been taken during the hospital examination

4

even though that fact was apparent from examination of the medical records. Appellant also argues the failure to seek the testing was deficient because trial counsel's theory at trial was that the complainant had consented to sex. Defense counsel challenged the complainant's credibility at trial based on the limited physical evidence of a struggle and other perceived inconsistencies in the evidence. The only reference to the complainant's potential intoxication was counsel's speculation during closing that she did not take the truck after returning to appellant's home because "maybe she thought she was high or drunk." No evidence presented during trial or at the motion for new trial hearing suggested the complainant had consumed alcohol or cocaine. In addition to the negative results from testing of her blood and urine, Jessica testified her daughter had not used any alcohol or drugs.

The cases on which appellant relies to show trial counsel's performance was deficient involved the failure to interview or call fact witnesses central to the presentation of a viable defense. In each case the defendant satisfied the requirement that the record show the witness was available and would have provided beneficial testimony. *See Butler v. State*, 716 S.W.2d 48, 55 (Tex.Crim.App. 1986) (noting failure to call witnesses would be irrelevant absent such a showing).

In *State v. Thomas*, 768 S.W.2d 335 (Tex.App.–Houston [14th Dist.] 1989, no pet.), the sole issue in the case was whether the adult complainant consented to sex with the defendant. At the hearing on the defendant's motion for new trial six witnesses testified the complainant and defendant had an ongoing sexual relationship while one said she had traded sex for drugs. *Id.* at 337. The defendant's mother testified she had located several

5

witnesses with knowledge of the ongoing relationship and defense counsel had not asked her to locate witnesses for trial. The trial court found counsel's performance deficient and harmful and granted a new trial. *Id.* That order was affirmed on the State's appeal. *Id.* The issue in *In re I.R.*, 124 S.W.3d 294 (Tex.App.–El Paso 2003, orig. proceeding), was defense counsel's failure to secure the presence of a known alibi witness at trial by subpoena. *Id.* at 299. The witness did appear at the new trial hearing and supported an alibi defense. *Id.* The appellate court reversed the adjudication of delinquency based on denial of assistance of counsel. *Id.* at 302.

The rationale of *Butler* is equally applicable when the evidence is non-testimonial. To affirmatively demonstrate trial counsel's ineffectiveness in such a case, an appellant must show the evidence was available and would have been beneficial. 716 S.W.2d at 55; *see Cate v. State*, 124 S.W.3d 922, 927 (Tex.App.–Amarillo 2004, pet. ref'd) (failure to request expert witness); *Teixeira v. State*, 89 S.W.3d 190, 194 (Tex.App.–Texarkana 2002, pet. ref'd) (same). Nothing in the record indicates that testing of the complainant's blood sample would have shown the presence of drugs or alcohol. This record presents nothing more than speculation that additional testing of the blood sample would have yielded information helpful to appellant. It fails to satisfy the first prong of *Strickland*.

Prejudice

The record also fails to establish the second element necessary to prevail on a claim of ineffective assistance of counsel, a reasonable probability that, but for counsel's purported error, the result of the proceeding would have been different. *Strickland*, 466

6

U.S. at 694; *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex.Crim.App. 2005); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex.Crim.App. 2005). The logical chain between the asserted deficient performance and the perceived prejudice to appellant's defense is unsupported by the record and requires inferential leaps that preclude finding a reasonable probability of a different result.

Appellant's reasoning begins by assuming a test of the complainant's blood would have shown the presence of alcohol or cocaine. As noted, no evidence in the record can be taken as supporting a belief that results of an additional blood test would be different than the original blood test or urinalysis.[2] Appellant argues a different result is possible because cocaine will show up in a blood test before it will in a urinalysis. Trial counsel stated to the court the urinalysis "is not going to show things for five or six or eight hours."[3]

On the assumption that additional testing would show the presence of alcohol or cocaine in the complainant's blood, appellant then reasons the jury would take that as evidence of her actual consent. Although conceding the complainant's actual consent would not be legally effective because of her age, he argues evidence of actual consent would negate the element on which the State relied to make the offense aggravated sexual assault, that he placed her in fear of imminent serious bodily injury. This conclusion

---

[2] Additionally, as noted, Jessica testified her daughter did not consume any cocaine or alcohol.

[3] During cross examination the doctor who initially treated the complainant at the hospital agreed that it takes some period of time for a substance to show up in urine, but did not state a time frame. The medical records indicate approximately eight hours had expired between the assault and blood and urine testing. No explanation why the blood test for alcohol would not have been accurate was offered.

requires us to engage in speculation that the jury would have considered evidence of the complainant's cocaine or alcohol use to establish her actual consent to sex. It further requires speculation that the jury would have given greater weight to that inference than to the complainant's testimony she did not consent and appellant placed her in fear of imminent serious bodily injury. This does not present a reasonable probability the result of the jury's verdict on guilt or innocence would have been different.

The same result obtains with regard to the jury's verdict on punishment. In *Hernandez v. State*, 988 S.W.2d 770 (Tex.Crim.App. 1999), the Court of Criminal Appeals held both elements of *Strickland* are applicable to assertions of ineffective assistance during noncapital sentencing proceedings. *Id.* at 773 (overruling *Ex party Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980)). The prejudice in the punishment phase appellant asserts here is the denial of evidence of cocaine-induced consent which, he contends, the jury would have considered as mitigation evidence. In addition to the absence of evidence of what additional testing would have shown, we cannot agree there is a reasonable probability the jury would have considered the presence of cocaine in the complainant's blood as mitigation evidence. Under the circumstances presented, it is equally, if not more, likely the jury would have inferred appellant supplied cocaine to the fifteen-year-old victim and considered that an aggravating rather than mitigating circumstance. Appellant has failed to show he was prejudiced by deficient performance of his trial counsel.

Finding the record does not support either element necessary to establish the denial of reasonably effective assistance of counsel, we overrule appellant's sole point of error and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.