NO. 07-07-0091-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 23, 2007


 ______________________________


 

LATRICE WILSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 17741-C; HONORABLE ANA ESTEVEZ, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Pending before the Court is appellant's motion to dismiss her appeal. Appellant and her
attorney both have signed the document stating that appellant withdraws her appeal. Tex. R.
App. P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 James T. Campbell

 Justice


Do not publish.



they arrived in Slaton, appellant drove to an isolated
area and refused the complainant's request to take her home. The complainant alleged
appellant sexually assaulted her in the bed of the truck and she was afraid he was going
to kill her. Police were later called, and the complainant was examined and treated at a
hospital in Lubbock the same evening. That examination included collection of samples
of her blood and urine and swabs for DNA testing. The DNA testing indicated appellant
had engaged in sexual conduct with the complainant. Analysis of her urine for the
presence of cocaine, marijuana and four other common illegal drugs was negative. Tests
performed on the blood sample also were negative for the presence of alcohol. 

 Appellant was charged with aggravated sexual assault. The indictment alleged the
complainant was younger than seventeen and that appellant placed her in fear of imminent
serious bodily injury. A second count charged the offense of sexual assault, alleging only
that the complainant was younger than seventeen years of age at the time of the assault. 
The charge required the jury to find the complainant was under seventeen and appellant
placed her in fear of serious bodily injury to find him guilty of aggravated sexual assault. 
It permitted the jury to find appellant guilty of the lesser offense of sexual assault if they
found the complainant was under seventeen but did not find he placed her in fear of
serious bodily injury. The jury found appellant guilty of aggravated sexual assault. 
Punishment was assessed in accordance with the jury's verdict at thirty-five years
confinement. Defense counsel filed a motion for new trial challenging the sufficiency of the
evidence and asserting he was ineffective for, inter alia, failing to have the victim's blood
tested for drugs and alcohol before trial. He did not seek to present any evidence at the
hearing on his motion for new trial. The trial court denied the motion by a written order.

 Appellant's sole point of error asserts that trial counsel's failure to seek independent
testing before trial of the blood sample taken from the complainant during the hospital
examination denied him effective assistance of counsel. He argues this failure prevented
counsel from effectively addressing the issue of alcohol or drug use by her at the time of
the alleged assault. During trial, defense counsel informed the court he wanted to have
the blood sample tested for the presence of drugs, asserting cocaine would not have
shown up in the urinalysis at the time of the examination. Counsel initially asserted the
"rape crisis packet" did not say anything about the collection of a blood sample. During a
subsequent discussion defense counsel conceded the medical records made reference
to blood collection but he repeated that the sample was not tested for cocaine. The trial
court denied the request as untimely. 

 We review claims of ineffective assistance of counsel by the standards set forth in 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and
adopted by our Court of Criminal Appeals in Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must
establish two elements: that counsel's performance was deficient, and that the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687. The first component is
met by showing that trial counsel made errors so significant that he was not functioning as
the counsel guaranteed by the Sixth Amendment to the United States Constitution. Id. 
The second component necessitates a showing that counsel's errors were so serious that
they deprived the defendant of a fair trial, that is, a trial whose result is reliable. Id. A
claimant must show there is a reasonable probability that, but for counsel's errors, the
result of the proceeding would have been different. Id. at 694. A reasonable probability
is one sufficient to undermine confidence in the outcome. Id. 

 In making our review, we must also bear in mind that there is a strong presumption
that trial counsel rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment. Id. at 690. The assessment of whether a
defendant received effective assistance of counsel must be made according to the facts
of each case. Any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State,
9 S.W.3d 808, 813 (Tex.Crim.App. 1999). We must look to the totality of the represen-tation and the particular circumstances of each case in evaluating the effectiveness of
counsel. Id. 

Deficient Performance

 Appellant's argument assumes the trial court's denial of his request for a
continuance to perform an independent test of the blood sample was proper. He focuses
on trial counsel's failure to request testing of the sample before trial. The record shows trial
counsel was not aware a blood sample had been taken during the hospital examination
even though that fact was apparent from examination of the medical records. Appellant
also argues the failure to seek the testing was deficient because trial counsel's theory at
trial was that the complainant had consented to sex. Defense counsel challenged the
complainant's credibility at trial based on the limited physical evidence of a struggle and
other perceived inconsistencies in the evidence. The only reference to the complainant's
potential intoxication was counsel's speculation during closing that she did not take the
truck after returning to appellant's home because "maybe she thought she was high or
drunk." No evidence presented during trial or at the motion for new trial hearing suggested
the complainant had consumed alcohol or cocaine. In addition to the negative results from
testing of her blood and urine, Jessica testified her daughter had not used any alcohol or
drugs. 

 The cases on which appellant relies to show trial counsel's performance was
deficient involved the failure to interview or call fact witnesses central to the presentation
of a viable defense. In each case the defendant satisfied the requirement that the record
show the witness was available and would have provided beneficial testimony. See Butler
v. State, 716 S.W.2d 48, 55 (Tex.Crim.App. 1986) (noting failure to call witnesses would
be irrelevant absent such a showing). 

 In State v. Thomas, 768 S.W.2d 335 (Tex.App.-Houston [14th Dist.] 1989, no pet.),
the sole issue in the case was whether the adult complainant consented to sex with the
defendant. At the hearing on the defendant's motion for new trial six witnesses testified
the complainant and defendant had an ongoing sexual relationship while one said she had
traded sex for drugs. Id. at 337. The defendant's mother testified she had located several
witnesses with knowledge of the ongoing relationship and defense counsel had not asked
her to locate witnesses for trial. The trial court found counsel's performance deficient and
harmful and granted a new trial. Id. That order was affirmed on the State's appeal. Id.
The issue in In re I.R., 124 S.W.3d 294 (Tex.App.-El Paso 2003, orig. proceeding), was
defense counsel's failure to secure the presence of a known alibi witness at trial by
subpoena. Id. at 299. The witness did appear at the new trial hearing and supported an
alibi defense. Id. The appellate court reversed the adjudication of delinquency based on
denial of assistance of counsel. Id. at 302.

 The rationale of Butler is equally applicable when the evidence is non-testimonial. 
To affirmatively demonstrate trial counsel's ineffectiveness in such a case, an appellant
must show the evidence was available and would have been beneficial. 716 S.W.2d at 55;
see Cate v. State, 124 S.W.3d 922, 927 (Tex.App.-Amarillo 2004, pet. ref'd) (failure to
request expert witness); Teixeira v. State, 89 S.W.3d 190, 194 (Tex.App.-Texarkana 2002,
pet. ref'd) (same). Nothing in the record indicates that testing of the complainant's blood
sample would have shown the presence of drugs or alcohol. This record presents nothing
more than speculation that additional testing of the blood sample would have yielded
information helpful to appellant. It fails to satisfy the first prong of Strickland. 

Prejudice

 The record also fails to establish the second element necessary to prevail on a claim
of ineffective assistance of counsel, a reasonable probability that, but for counsel's
purported error, the result of the proceeding would have been different. Strickland, 466
U.S. at 694; Ex parte Chandler, 182 S.W.3d 350, 354 (Tex.Crim.App. 2005); Andrews v.
State, 159 S.W.3d 98, 102 (Tex.Crim.App. 2005). The logical chain between the asserted
deficient performance and the perceived prejudice to appellant's defense is unsupported
by the record and requires inferential leaps that preclude finding a reasonable probability
of a different result. 

 Appellant's reasoning begins by assuming a test of the complainant's blood would
have shown the presence of alcohol or cocaine. As noted, no evidence in the record can
be taken as supporting a belief that results of an additional blood test would be different
than the original blood test or urinalysis. (2) Appellant argues a different result is possible
because cocaine will show up in a blood test before it will in a urinalysis. Trial counsel
stated to the court the urinalysis "is not going to show things for five or six or eight hours." (3) 

 On the assumption that additional testing would show the presence of alcohol or
cocaine in the complainant's blood, appellant then reasons the jury would take that as
evidence of her actual consent. Although conceding the complainant's actual consent
would not be legally effective because of her age, he argues evidence of actual consent
would negate the element on which the State relied to make the offense aggravated sexual
assault, that he placed her in fear of imminent serious bodily injury. This conclusion
requires us to engage in speculation that the jury would have considered evidence of the
complainant's cocaine or alcohol use to establish her actual consent to sex. It further
requires speculation that the jury would have given greater weight to that inference than
to the complainant's testimony she did not consent and appellant placed her in fear of
imminent serious bodily injury. This does not present a reasonable probability the result
of the jury's verdict on guilt or innocence would have been different. 

 The same result obtains with regard to the jury's verdict on punishment. In
Hernandez v. State, 988 S.W.2d 770 (Tex.Crim.App. 1999), the Court of Criminal Appeals
held both elements of Strickland are applicable to assertions of ineffective assistance
during noncapital sentencing proceedings. Id. at 773 (overruling Ex party Duffy, 607
S.W.2d 507 (Tex.Crim.App. 1980)). The prejudice in the punishment phase appellant
asserts here is the denial of evidence of cocaine-induced consent which, he contends, the
jury would have considered as mitigation evidence. In addition to the absence of evidence
of what additional testing would have shown, we cannot agree there is a reasonable
probability the jury would have considered the presence of cocaine in the complainant's
blood as mitigation evidence. Under the circumstances presented, it is equally, if not more,
likely the jury would have inferred appellant supplied cocaine to the fifteen-year-old victim
and considered that an aggravating rather than mitigating circumstance. Appellant has
failed to show he was prejudiced by deficient performance of his trial counsel. 


 Finding the record does not support either element necessary to establish the denial
of reasonably effective assistance of counsel, we overrule appellant's sole point of error
and affirm the judgment of the trial court. 


 James T. Campbell

 Justice





Do not publish.



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. Additionally, as noted, Jessica testified her daughter did not consume any cocaine
or alcohol. 
3. During cross examination the doctor who initially treated the complainant at the
hospital agreed that it takes some period of time for a substance to show up in urine, but
did not state a time frame. The medical records indicate approximately eight hours had
expired between the assault and blood and urine testing. No explanation why the blood
test for alcohol would not have been accurate was offered.