In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-362 CR


 ______________________



BOBBY LEE LAWSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 06-01-00541-CR







MEMORANDUM OPINION

 Bobby Lee Lawson pled guilty to four counts of aggravated sexual assault of a child. 
There was no plea bargain. The trial court found Lawson guilty and sentenced him to life
imprisonment on each count -- the sentences to run concurrently. Lawson appeals from the
judgments of conviction.

 In a single issue, Lawson contends his counsel was ineffective because, prior to the
punishment hearing, his trial counsel filed a defective motion for continuance. Lawson
argues that because the motion was defective, he was precluded from obtaining a continuance
and from presenting mitigating evidence at the punishment hearing. The continuance motion
stated counsel attempted to contact material witnesses but was unable to do so, because the
witnesses' "phones have been recorded as out of service"; "one phone has been disconnected
on an out-of-state witness"; "addresses have been vacated"; and "certain psychiatric files and
medical records cannot be produced unless service dates provided are clarified." Trial
counsel asked for more time to locate the witnesses and clarify the service dates on medical
records. He further asserted that neither the court nor the defendant would incur undue delay
or hardship. The motion was unverified. 

 On a defendant's written motion, the trial court may continue a criminal action if the
motion shows sufficient cause. Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006). A
person having personal knowledge of the facts relied on for the continuance must swear to
the motion. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 2006). The Code of Criminal
Procedure provides that the first motion by a defendant seeking a continuance because of the
absence of a witness must state the following: 


 1. The name of the witness and his residence, if known, or that his residence
is not known.


 2. The diligence which has been used to procure his attendance. . . . 


 3. The facts which are expected to be proved by the witness, and it must
appear to the court that they are material. 


 4. That the witness is not absent by the procurement or consent of the
defendant.


 5. That the motion is not made for delay.


 6. That there is no reasonable expectation that attendance of the witness can
be secured during the present term of court by a postponement of the trial to
some future day of said term. The truth of the first, or any subsequent motion,
as well as the merit of the ground set forth therein and its sufficiency shall be
addressed to the sound discretion of the court called to pass upon the same,
and shall not be granted as a matter of right. If a motion for continuance be
overruled, and the defendant convicted, if it appear upon the trial that the
evidence of the witness or witnesses named in the motion was of a material
character, and that the facts set forth in said motion were probably true, a new
trial should be granted, and the cause continued or postponed to a future day
of the same term. 


Tex. Code Crim. Proc. Ann. art. 29.06 (Vernon 2006). In several respects, Lawson's
motion does not meet the requirements of the statute. The motion does not state the
witnesses' names, the diligence used to procure the absent witnesses' attendance, or the facts
expected to be proved by the witnesses. In addition, the motion is not sworn to, as required
by statute. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 2006).

 To obtain a reversal of a defendant's conviction on the ground of ineffective
assistance of counsel, the defendant generally must demonstrate that (1) defense counsel's
performance fell below an objective standard of reasonableness and (2) there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would
have been different. Strickland v. Washington, 466 U.S. 668, 686, 688-93, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). "A
reasonable probability is a probability sufficient to undermine confidence in the outcome." 
Strickland, 466 U.S. at 694. Lawson argues his trial attorney's failure to file a proper
continuance motion and to secure the witnesses' testimony was deficient performance that
prevented him from fully developing mitigating evidence at punishment. He asserts that this
mitigating evidence was his entire defense at punishment. As a result of trial counsel's
ineffectiveness, he argues "there is sufficient probability to undermine the confidence in the
outcome [of the trial]." 

 Any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. See Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). The record does not establish here, however, that a proper
motion could have been filed or should have been granted. The motion for new trial record
is silent as to the identity of any specific witness. 

 Regardless, trial counsel's performance in this case does not warrant setting aside the
conviction. The defendant must prove that counsel's errors, judged by the totality of the
representation, denied him a fair trial. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249, 263
(Tex. Crim. App. 1998). In his motion for new trial, Lawson stated witnesses would have
testified to his history of mental illness (as well as that of his family), treatment, and the
physical and emotional abuse he suffered as a child. Lawson also claims one witness would
testify regarding "additional physical and emotional abuse committed by other family
members of the victims family[.]" Lawson does not provide, in a sworn or unsworn motion,
the names of any witnesses or the specifics of any testimony the purported witnesses would
offer. The record before us does not reveal evidence that, had it been developed more
thoroughly, probably would have led to a lesser punishment. See generally Bone v. State, 77
S.W.3d 828, 836-37 (Tex. Crim. App. 2002). 

 Lawson relies on In re I.R., 124 S.W.3d 294 (Tex. App.--El Paso 2003, no pet.), and
State v. Thomas, 768 S.W.2d 335 (Tex. App.--Houston [14th Dist.] 1989, no pet.) to support
his argument that trial counsel's failure to file a proper continuance motion prejudiced his
defense. In In re I.R., the court found deficient performance and prejudice, because defense
counsel failed to subpoena a known witness who would testify to the defendant's actual
innocence. In re I.R., 124 S.W.3d at 297-302. The witness's testimony was provided in the
motion for new trial hearing. Id. at 299. In Thomas, the court found that defense counsel
was ineffective for failure to present evidence on the defendant's defense of consent in a
sexual assault case. Thomas, 768 S.W.2d at 336-37. At the hearing on the motion for new
trial, several witnesses testified that the complainant and defendant had an on-going sexual
relationship, and gave other testimony that put the consent defense at issue. Id. The court
held that the evidence at the motion-for-new-trial hearing established that the defense of
consent was not fully advanced because of trial counsel's failure to interview and call certain
witnesses. Id. 

 These cases are distinguishable from the instant case. In both, the defendant's
innocence was at stake. Lawson pled guilty to the four offenses. In Thomas and In re I.R.,
the trial court had before it sworn testimony supporting the defendant's defenses. Here, there
is no evidence confirming the existence of these witnesses or their specific testimony for
mitigation purposes. 

 Even if there were witnesses who would testify to these matters, the record as a whole
does not show there is a reasonable probability the result of the proceeding would have been
different had the alleged evidence been presented. Four witnesses testified at punishment:
Detective Gay, the sexual assault nurse examiner, the child's mother, and Lawson. Based
on an interview with Lawson, the detective testified Lawson admitted to numerous sexual
assaults on the child. The PSI report indicates the sexual offenses occurred from the time the
child was five years old to age nine. The child's mother testified that at five years of age the
child made an outcry concerning the sexual assaults. When confronted by the mother,
Lawson denied the accusations; the mother testified she believed Lawson. When the child
was nine, she made another outcry to her mother. Her mother took her daughter to the
hospital. A sexual assault nurse examiner performed an examination on the child. The nurse
confirmed that the findings of her examination were consistent with sexual assault of the
child. At trial, the mother testified her daughter was in a psychiatric hospital.

 Lawson described his mental health problems. Having witnessed the murder of his
sister when she was two and he was four, Lawson explained he attempted suicide six times. 
He suffers from depression. He also testified his father has been treated for schizophrenia
and a bipolar condition; his brother has been diagnosed as being bipolar. Lawson indicated
he received psychiatric care while he was in the military. While in jail, he has been in
psychiatric cells at times. He testified that during the four years of his sexual assaults on the
child, he was taking medication "off and on." He stated when he was on the medication, the
incidents did not occur. Lawson also indicated he was not asking the court for probation, and
he has no prior convictions. He testified, "I thought I would get 15, 20 years, but I never
expected 40 years." "I was hoping that I would get help and then try to be a positive role in
society."

 Lawson admitted that the offenses occurred repeatedly over a four year period from
the time the child was five years old until nine. He testified to his own mental health
problems, along with those of family members. At trial, he never mentioned or alluded to
any witnesses who would have testified on his behalf. He never claimed that he had been
abused as a child, as asserted in the motion for new trial. Given the absence of evidence in
this record that there were specific witnesses who would give mitigating testimony, the filing
of a defective continuance motion, by itself, does not demonstrate a reasonable probability
that a continuance should have been granted or, even if a continuance had been granted, the
result of the trial would have been different. We do not find the result of the proceeding to
be unreliable, and our confidence in the outcome has not been undermined.

 We overrule Lawson's issue and affirm the judgment.

 AFFIRMED.

 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on February 8, 2008

Opinion Delivered May 28, 2008

Do Not Publish

 

Before McKeithen, C.J., Gaultney and Kreger, JJ.