Affirmed and Majority and Dissenting Opinions filed December 11, 2008








Affirmed and
Majority and Dissenting Opinions
filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00414-CR

____________

 

OSCAR PEREZ, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 51,650

 



 

D I S S E N T I N G   O P I N I O N

The court correctly determines that appellant=s attorney=s actions, in
failing to interview and present a potential alibi witness, fell below the
prevailing professional standards as required in the first prong of the Strickland
test.  Contrary to the majority=s conclusion,
however, the second prong of Strickland is satisfied. 

 








Under the second prong of Strickland, an appellant
must show by a preponderance of the evidence that there is a reasonable
probability that, but for his trial counsel=s deficient
performance, the result of the proceeding would have been different.  See
Salinas v. State, 163 S.W.3d 734,740 (Tex. Crim. App. 2005).  An attorney
has the professional obligation to present all available testimony and other
evidence to support a client=s defense.  State v. Thomas, 768
S.W.2d 335, 336 (Tex. App.CHouston [14th Dist.] 1989, no pet.).  A
defendant=s trial counsel has the responsibility to seek out and
interview potential witnesses, and failure to do so supports a claim for
ineffective assistance of counsel if any viable defense available to the
defendant is not advanced.  Id.  Though the decision to call a witness
to testify is generally a matter of trial strategy, the failure to interview a
witness is deemed ineffective assistance of counsel when such inaction
precludes an accused from advancing a viable defense.  Id.  A conviction
will not be reversed for failure to investigate unless the appellant=s only viable
defense available is not advanced and reasonable probability exists that but
for the failure, the result of the proceeding would have been different.  See
McFarland v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996).

According to the record from the hearing on appellant=s motion for new
trial, appellant=s attorney learned in his first meeting
with appellant that Christina Pereda could offer alibi evidence as to appellant=s whereabouts on
the night in question.  Appellant confirmed this information and testified that
he gave his attorney Pereda=s name and phone number at this meeting. 
The attorney testified that he called Pereda several times before trial, but
she did not return his calls.  The attorney acknowledged, however, that his
file reflects only a single call to Pereda on the day of trial.  The attorney
testified that he did not interview any witnesses prior to trial nor did he
call any witnesses to testify.  He explained he did not pursue the alibi
further because Pereda did not return his calls.  The attorney did not ask for
a court-appointed investigator to investigate the alibi nor did he file a
motion for continuance on this basis.  He did not subpoena any witnesses for
trial.








At the hearing, Pereda testified that appellant=s trial counsel
did not contact her by phone or letter.  Pereda confirmed that, at the time of
the offense, appellant lived with her in a home she shared with others.  Pereda
testified that a roommate, Roselie Padilla, could confirm whether appellant was
at the home on the night in question.  Pereda testified that she would have
provided this information and Padilla=s contact
information to appellant=s attorney had she been contacted before
trial.  

An investigator was appointed by the trial court to
investigate appellant=s claims for the motion for new trial.  At
the hearing on appellant=s motion for new trial, the investigator
testified that with information he learned from Pereda, he pursued Padilla to
investigate the potential alibi evidence.  By sworn affidavit, Padilla
indicated that for two months she shared a home with appellant and Pereda. 
During this time, appellant slept on a couch in the living room, and Padilla
slept on the floor beside the couch with her son.  Padilla explained that they
went to bed at about 10:00 p.m.  She was certain appellant was sleeping on the
couch every night during the week in which the offense occurred, and that there
was no night that appellant was absent nor any night that he left.  She
indicated that appellant=s attorney did not contact her prior to
trial.








Testimony at trial suggested that the offense occurred at
around 10:00 p.m.  Padilla=s affidavit provides that she and
appellant went to bed at around that time every night that week.  The evidence
in this case establishes that appellant=s only viable
defense was an alibi defense, and this defense was not advanced due to
appellant=s trial counsel=s failure to
interview and investigate alibi witnesses.  See In re K.J.O., 27
S.W.3d 340, 345 (Tex. App.CDallas 2000, pet. denied) (concluding
attorney wholly failed to investigate the appellant=s involvement in
offense and reasonable probability existed that had appellant=s trial counsel
questioned the available witnesses, appellant could have established an alibi
and the result of the proceeding would have been different); Thomas, 768
S.W.2d at 337 (holding claim for ineffective assistance of counsel was
supported by attorney=s failure to call witnesses for defense of
consent in case of aggravated sexual assault).  On this record, there is a
reasonable probability that but for appellant=s trial counsel=s deficient
performance, the result of the proceeding would have been different.  Thus, the
failure to investigate prejudiced appellant=s defense.

The
majority distinguishes the facts of this case from those of Butler v. State,
716 S.W.2d 48 (Tex. Crim. App. 1986), on the basis that the alibi witness in Butler
could testify in detail that the defendant was doing something else at the time
of the offense.  The facts in this case are strikingly similar to those of Butler
in which appellant=s trial counsel was faced with a positive identification of
appellant by a single complainant but no physical evidence.  Butler, 716
S.W.2d at 55.  As in Butler, the logical way to refute the
complainant=s positive identification would be to produce witnesses to say that
appellant was not the perpetrator because appellant was seen elsewhere at the
time of the robbery.  See id.  Like the defense counsel in Butler,
appellant=s defense counsel in this case ,when faced with the necessity of disproving the positive
identification, sought no potential witnesses and did not interview the
potential witnesses whose names he knew.  See id.  Though the trial
counsel in this case indicated fear that upon cross-examination the alibi
witnesses would be impeached for bias or motive, fear of having a witness
impeached does not justify a failure to investigate by interviewing witnesses. 
See id. at 56.  








The Butler
court concluded that the appellant was prejudiced by the trial counsel=s failure to interview and call alibi
witnesses, but not on the basis of the amount of detail in the alibi witness=s testimony, as the majority
indicates.  See id.  The Butler court found prejudice because A[t]he evidence the jury did not
hear due to trial counsel=s failure to investigate consisted of the sworn testimony of
. . . a third witness that appellant was somewhere else at the exact time of
the robbery.@  Id. (emphasis in original).  According to the Butler court,
alibi testimony at the hearing on the motion for new trial in that case
consisted of Afar more substance to appellant=s alibi defense than was presented to
the jury.  [The alibi witness] testified that she had seen appellant in the
apartment at the time of the robbery, and that she would have testified to that
effect at trial.@  Id. at 55.  The facts of the case at hand are not
distinguishable because, as in Butler, the evidence the jury did not
hear at trial was from Padilla that appellant was somewhere else at a time when
one complainant, Ernesto, alleged the robbery occurred.  See id. at 56. 
Such testimony had far more substance to appellant=s alibi defense than what was
presented to the jury.  See id. at 55.  As stated in Butler, A[w]e are concerned here, however, not
with counsel=s failure to present the testimony of these witnesses, but with his
decision not to perform the investigation that would have uncovered the
testimony.@  Id. at 56. 
Appellant=s trial counsel had no idea the evidence even existed because he did not
investigate the alibi and the contact information appellant gave him at their
first meeting.  This failure to investigate resulted in no alibi evidence being
presented to the jury at all.  See id.

Given the information from both Pereda and Padilla,
appellant could have established an alibi defense for the jury=s consideration.  See
In re K.J.O., 27 S.W.3d at 345.  The attorney=s failure to
advance the one defense apparently available to appellant made the attorney=s assistance
ineffective.  See Shelton v. State, 841 S.W.2d 526, 527 (Tex. App.CFort Worth 1992,
no pet.).  Reasonable probability exists that with this information, the result
of the proceeding would have been different.  See id.  Therefore, the
appellant=s trial counsel=s deficient
performance prejudiced appellant=s defense.  See
Thomas, 768 S.W.2d at 337.








Because appellant was prejudiced in his defense by not
being able to present evidence of an alibi on the night of the robbery,
appellant has been denied effective assistance of counsel.  Therefore, when
appellant presented this complaint in his motion for new trial, supported by
the evidence in the record, the trial court abused its discretion in denying
appellant=s motion.[1] 
Accordingly, this court should reverse the trial court=s judgment and
remand for a new trial.  Because the court instead affirms appellant=s conviction, I
respectfully dissent.  

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed December 11, 2008.

Panel consists of
Justices Anderson, Frost, and Hudson.*
(Anderson, J., majority).

Publish C Tex. R. App. P. 47.2(b).

 









[1]  In regard to appellant=s testimony at the hearing on his motion for new trial that
co-defendant Marcus Tavira would have provided favorable testimony for
appellant, this person did not provide either testimony at the hearing or a
sworn affidavit of his knowledge.  Therefore, as the majority correctly
concludes, we cannot speculate on this silent record, with respect to this
particular potential witness, that appellant suffered prejudice.  See
Melancon v. State, 66 S.W.3d 375, 381 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  However, appellant presents no appellate
contention regarding this specific witness.





*  Senior Justice Harvey Hudson sitting by assignment.