Dale DE ROCHE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18793.

United States Court of Appeals Ninth Circuit.

Sept. 25, 1964.

Robert C. Huntley, Jr., Pocatello, Idaho, for appellant.

Sylvan A. Jeppesen, U. S. Atty., Robert E. Bakes, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before CHAMBERS, HAMLIN and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

Dale De Roche appeals from a judgment convicting him of attempting to pass forged and counterfeit coins [18 U. S.C. § 485] as charged in Count I of a three-count information. He was acquitted on Count II, uttering and passing a counterfeit coin [18 U.S.C. § 485] and Count III, possessing a counterfeiting mold and die [18 U.S.C. § 487].

His first point is that the district court erred by refusing to grant a continuance; he claims he was thereby denied adequate time to prepare for trial, thus depriving him of his constitutional right to effective assistance of counsel.

It is of course true that the right conferred by the Sixth Amendment to effective assistance of counsel implicitly embraces adequate opportunity for the accused and his counsel to consult, advise and make such preparation for arraignment and trial as the facts of the case fairly demand. Maye v. Pescor, 162 F.2d 641, 643 (8th Cir. 1947). It is no less true that expeditious handling of the defendant's case providing him with a "speedy and public trial" is not a denial of constitutional rights. Eubanks v. United States, 336 F.2d 269 (9th Cir. Aug. 31, 1964). Requiring effective assistance of counsel obviously does not mean successful assistance is to be expected. Cf. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 789 (1958) cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86. But clearly, time for preparation permitting merely a perfunctory appearance on behalf of the defendant fails to redeem the constitutional guarantee. Powell v. Alabama, 287 U.S. 45, at 58 and 71, 53 S.Ct. 55, 77 L.Ed. 158 (1932). As we stated the test in Eubanks, supra, at page 270 of 336 F.2d, "What is a sufficient time in a particular case depends upon the circumstances, including the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of witnesses." And here, the record clearly shows no impairment of the right falling below constitutional standards. To the contrary, De Roche was acquitted on two of the three counts. Moreover, vigorous cross-examination of prosecution witnesses and familiarity with the controlling legal issues was displayed by defense counsel. The only real issue in the case, decisive of the ultimate question, was De Roche's knowledge (or lack of knowledge) as to the counterfeit nature of the coins. And De Roche himself was the source of most of the evidence on the issue. He admitted tendering the coins in question on two different occasions, but disclaimed any knowledge of their spurious nature. On the second occasion, he admitted that the coins were rejected by a shopkeeper who immediately detected their falsity. De Roche testified that he told the shopkeeper that he was going to take the coins back to where he said he had received them in change, but admitted that he had subsequently done nothing. He initially sought to explain this neglect by saying he had forgotten where he had received the coins; however, under cross-examination he related in detail the circumstances under which they came into his possession.

Thus, although counsel had something less than two days to prepare the case for trial, that fact alone, which in another case of greater complexity might operate to deprive the accused of his rights, does not do so here. As the Second Circuit said in a related context, " * * * [T]ime consumed in oral discussion and legal research is not the crucial test of the effectiveness * * * of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings * * *." United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949). And here, counsel's awareness of the controlling issues, the fact that he prepared a considerable number of instructions (many of which the court gave), his probing cross-examination, the simplicity and subjective nature of the issues involved, and the fact that De Roche himself furnished the bulk of the testimony on the key issues of the case, all point to a conclusion that the time allotted for preparation was constitutionally adequate in the circumstances before us. Compare Goforth v. United States, 314 F.2d 868 (10th Cir. 1963); State v. Freeman, 85 Idaho 339, 379 P.2d 632, 636–637 (1963). See Anno. 84 A.L.R. 544.

As his final specification of error, De Roche complains of an amendment, over his objection, to Count III of the indictment at the close of the government's case. The amendment changed the time and place where the offense was alleged to have been committed by some ten days, and to a place other than the one originally specified.

Although De Roche was acquitted on that count, he nonetheless contends the amendment was prejudicial and supports his assertion by an affidavit of defense counsel purporting to show that some jurors held out for acquittal on all counts; that they agreed among themselves to convict on Count I only if acquittal was granted on Counts II and III; that if the court had sustained De Roche's objection to amendment and entered a judgment of acquittal on Count III, then " * * * those jurors [holding out for acquittal on all counts] would have voted their conscience rather than agreeing to such a shameful compromise of their convictions." The argument is fallacious. Even if it be assumed that the amendment was material, and if we were to ignore the obvious fact that the conclusion asserted is arrived at by telescoping surmises, then we would still be confronted with our rule proscribing impeachment of jury verdicts by affidavit on matters inhering in the verdict. See Bryson v. United States, 238 F.2d 657, 665 (9th Cir. 1956); Parsons v. United States, 188 F.2d 878, 879 (5th Cir. 1951). To relax that rule would force a consideration of hearsay, establishing nothing more than a speculative estimate of the jury's thinking.

Finding no prejudicial error, the judgment is affirmed.