**Randy Dale BARNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–10–00092–CR.

Court of Appeals of Texas, Texarkana.

April 1, 2011.

Rehearing Overruled April 12, 2011.

Judy Hodgkiss, The Moore Law Firm LLP, Paris, for appellant.

Gary D. Young, Lamar County Dist. Atty., Paris, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## ORDER

BY THE COURT.

After having been convicted of aggravated assault with a deadly weapon, suffering two sentence enhancements, and being sentenced to fifty years' imprisonment, Randy Dale Barnett filed a motion for new trial complaining of, *inter alia,* ineffective assistance of his trial counsel. Barnett's motion alleged that his attorney failed to

(1) "object to testimony offered during the guilt innocence phase of the trial concerning the defendant's past criminal history and incarceration in the penitentiary"; (2) "object to repeated extraneous offense evidence during the guilt innocence phase of the trial"; (3) "file a motion for a continuance to locate" a "crucial" witness; (4) object to evidence "concerning a purported assault committed by the defendant" on the witness; (5) "request a jury charge on the lesser included offense of assault"; (6) "offer any mitigating evidence at punishment" in light of his mental health issues; and (7) call as a witness an officer who could have impeached the testimony of a key witness for the prosecution. The motion for new trial was accompanied by an affidavit and specifically sought a hearing. On appeal, Barnett argues, among various other points of error, that the trial court erred in failing to grant him a hearing on his motion for new trial. We agree. Accordingly, we abate this appeal and remand this case to the trial court for a hearing on Barnett's motion for new trial.

The small Sunriser Diner played host to the drama leading to Barnett's conviction. According to testimony from cook Sandy Flynn, waitress Lisa Dale Wagner, and regular customer James Bryan, Barnett and Kitty Rowland argued in the diner. Barnett was reportedly loud and verbally threatening toward Rowland, and Bryan tried to intervene. When Bryan reached for his cell phone to call police, Barnett reportedly pulled a knife and threatened Bryan. Once Flynn successfully placed a 9-1-1 call, Barnett left the diner. The trial testimony was not entirely consistent. Rowland did not testify; by affidavit, however, she claimed that she did not see Barnett with a knife and that, to her knowledge, Barnett had not recently carried a knife.

■ We review a trial court's denial of a hearing on a motion for new trial under an abuse of discretion standard, in which we reverse only if the decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex.Crim.App.2010); *Smith v. State*, 286 S.W.3d 333, 339 (Tex.Crim.App.2009). Absent such an abuse of discretion, an appellate court is not justified in reversing the trial court's judgment. *Gonzales*, 304 S.W.3d at 842; *Smith*, 286 S.W.3d at 339.

■ Yet, a hearing on a motion for new trial is mandatory if the motion raises reasonable issues that cannot be determined from the record. *Martinez v. State*, 74 S.W.3d 19, 21 (Tex.Crim.App.2002); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim.App.1993); *Thomas v. State*, 286 S.W.3d 109, 114 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (hearing required on motion for new trial asserting "that trial counsel was ineffective in not advising him regarding whether to agree to a mistrial in his first trial and for not calling as a witness a family member who he claims was the only eyewitness, which allowed the prosecutor to argue that appellant had no family members who would support him at trial") (citing *Stogiera v. State*, 191 S.W.3d 194, 200 (Tex.App.-San Antonio 2005, no pet.)). Such a review

> is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied. If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. In fact, under such circumstances the trial

judge abuses his discretion in failing to hold a hearing.

*Smith*, 286 S.W.3d at 340.

■ "The purposes of a new trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal." *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex.Crim.App.2009). Such a hearing is not an absolute right. *Id.* A hearing on a motion for new trial is necessary only when: (1) it is requested; (2) the matters raised in the motion and accompanying affidavit are not determinable from the record; and (3) the motion and affidavit establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* (citing *Smith*, 286 S.W.3d at 339); *Martinez*, 74 S.W.3d at 21–22; *Reyes*, 849 S.W.2d at 816; *Edwards v. State*, 37 S.W.3d 511 (Tex.App.-Texarkana 2001, pet. ref'd).

■ Barnett's motion for new trial specifically asked that the trial court hold a hearing. A claim of ineffective assistance of counsel can qualify as such an issue, especially because, without a hearing, claims of ineffective assistance cannot be "firmly founded in the record," and, thus, cannot be reviewed on direct appeal. *Thomas*, 286 S.W.3d at 114 (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim.App.2005)).

Because "[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record," the record will generally "not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland*[1] standard." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App.2002). As in *Smith*, counsel's reasoning and "whether counsel's failures in fact show a

---

1. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

deficiency that prejudiced the appellant's defense is not determinable from the record." *Smith,* 286 S.W.3d at 341. Finding that the first two requirements have been met, in that Barnett requested a hearing in order to present issues not determinable from the record, we begin our inquiry into the last prerequisite.

■■■ Because an unrestricted right to a hearing could lead to "fishing expeditions," motions for new trial must be supported by an affidavit showing the truth of the grounds of attack. *Hobbs,* 298 S.W.3d at 199 (citing *Smith,* 286 S.W.3d at 339); *Reyes,* 849 S.W.2d at 816. As a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Reyes,* 849 S.W.2d at 816; *Stokes v. State,* 298 S.W.3d 428, 431 (Tex.App.-Houston [14th Dist.] 2009, no pet.) (citing *Smith,* 286 S.W.3d at 339).

■■■ If the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Smith,* 286 S.W.3d at 340; *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994). The affidavit need not establish a prima facie case, or even reflect all components required to establish relief. *Stokes,* 298 S.W.3d at 431 (citing *Smith,* 286 S.W.3d at 339). It is sufficient if a fair reading of the affidavit gives rise to reasonable grounds that could entitle appellant to relief. *Id.* "If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required." *Smith,* 286 S.W.3d at 339.

In addressing the sufficiency of the affidavits with respect to ineffective assistance of counsel claims, we determine whether Barnett has alleged facts to demonstrate that both prongs of the *Strickland* test could be met. *Hobbs,* 298 S.W.3d at 199–

200; *Smith,* 286 S.W.3d at 338, 340–41 (defendant not entitled to hearing on motion for new trial because he could not demonstrate prejudice prong of *Strickland* test would be met).

Although Barnett's motion for new trial contained many allegations of ineffectiveness, we limit our review to the dispositive claims involving the alleged failure to subpoena Rowland or seek a continuance to locate her and the alleged failure to present any mitigating evidence.

In order to ultimately prevail in a claim of ineffective assistance of counsel, a defendant seeking to challenge counsel's representation must establish that his or her counsel's performance was deficient and prejudiced the defense. *Smith,* 286 S.W.3d at 340 (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Mitchell,* 68 S.W.3d at 642). To show deficiency, the appellant must establish that counsel's representation objectively fell below the standard of professional norms. *Id.* To show prejudice, the appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* Before a defendant is entitled to a hearing on a motion for new trial in which ineffective assistance of counsel is alleged, the defendant must provide sufficient facts from which a trial court reasonably could conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his or her trial would have been different. *Id.* at 340–41.

### 1. *Failure to Obtain Rowland's Testimony*

 In the first grounds of his motion for new trial, Barnett complained that his trial counsel rendered ineffective assistance by failing to request a continuance to locate Rowland and in failing to subpoena Rowland. A claim of ineffective assistance based on trial counsel's failure to call a witness cannot succeed absent a showing that the witness was available to testify and that the witness' testimony would have benefitted the defense. *See Ex parte Ramirez,* 280 S.W.3d 848, 853 (Tex.Crim.App. 2007).

The motion for new trial and affidavit recited "during the trial, the State advised the court that the witness could be located because they had her address and telephone number" and that Barnett requested that his counsel file "a motion for a continuance to locate [Rowland]," but counsel refused to do so. The record demonstrates that Barnett's counsel attempted to offer Rowland's statement into evidence while arguing Rowland was unavailable despite repeated attempts to contact her. The State responded that Rowland "is available." The State said, "We've spoken to Ms. Rowland. I spoke to her as recently as Friday. She is in Dallas. I have her phone numbers. She does not want to come and testify. I did not want to bring her here to testify. I am the one who decides how I prove my case, number one."

Barnett's motion and affidavit complain that, because Rowland "gave a statement in which she denied seeing the defendant displaying a knife," "the witness' testimony was crucial as the use or exhibition of the deadly weapon was the key element of the aggravated assault charge." Rowland's statement is attached to the motion for new trial. It recalls the verbal altercation between Barnett and Bryan, but states,

"Other people there said that [Barnett] pulled out his pocket knife. I never saw him and in the last 3 months [Barnett has] not carried one that I know of." Whereas Flynn and Bryan testified they saw Barnett brandish a knife, Wagner testified she did not see anything in Barnett's hands. There is nothing in the record to show what efforts, if any, counsel made to locate Rowland, and from her statement, it appears that she would have at least contested Barnett's use of a weapon. It is thus understandable that the State would not call her, but not understandable why defense counsel would not.

Because the record does not show why counsel did not request a continuance or subpoena Rowland, who could have testified in favor of Barnett, a hearing on the motion for new trial should have been granted to develop the record. *See Ex parte Godwin,* No. WR–74,902–01, 2010 WL 4657528, at *1 (Tex.Crim.App. Nov. 17, 2010) (order) (allegation ineffective assistance in failing to present favorable evidence was one that, if true, might entitle defendant to relief under *Strickland* ); *Ex parte Grant,* WR–8718–09, 2010 WL 1077907, at *1 (Tex.Crim.App. Mar. 24, 2010) (order) (allegation of failure to subpoena witnesses favorable to defense was one that, if true, might entitle defendant to relief under *Strickland* ). We find the motion and affidavit sufficient to meet the third predicate requirement.

### 2. *Failure to Investigate and Present Mitigating Evidence*

 Next, Barnett's motion and affidavit alleged that counsel failed to offer any mitigating evidence at punishment, including evidence that Barnett had been diagnosed as having various mental illnesses, was bipolar, and "had treatment at MHMR." Barnett's affidavit additionally stated, "In fact, my attorney just asked me

if I wanted to tell the jury anything. I did not know what to say. He just did not ask me any questions."

We interpret Barnett's motion and affidavit as alleging that counsel generally failed to investigate the possibility of mitigating evidence, including Barnett's mental condition. "The sentencing stage of any case, regardless of the potential punishment, is 'the time at which for many defendants the most important services of the entire proceeding can be performed.'" *Milburn v. State*, 15 S.W.3d 267, 269 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (quoting *Vela v. Estelle*, 708 F.2d 954, 964 (5th Cir.1983)). "Where the potential punishment is life imprisonment, as in the instant matter, the sentencing proceeding takes on added importance." *Id.* (citing *Vela*, 708 F.2d at 964). In a case where the issue is "whether trial counsel conducted an adequate investigation for potential mitigating evidence, 'we focus on whether the investigation supporting counsel's decision not to introduce mitigating evidence of [Barnett's] background was itself reasonable.'" *Freeman v. State*, 167 S.W.3d 114, 117 (Tex.App.-Waco 2005, no pet.) (quoting *Wiggins v. Smith*, 539 U.S. 510, 523, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)). While "*Strickland* does not require counsel to investigate every conceivable line of mitigating evidence," defense counsel can reasonably decide against trying to introduce mitigating evidence only "after evaluating available testimony and determining that it would not be helpful." *Wiggins*, 539 U.S. at 533, 123 S.Ct. 2527; *Milburn*, 15 S.W.3d at 270.

We review the case of *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Williams alleged his counsel was ineffective because he had not reviewed documents that Williams was abused and neglected as a child, and, despite a finding that Williams was competent to stand trial, did not present testimony that he was borderline mentally retarded, had suffered head injuries, and might have mental impairments. *Id.* at 370–71, 120 S.Ct. 1495. The United States Supreme Court noted that it was undisputed that Williams had a constitutionally protected right to provide the jury with the mitigating evidence that his trial counsel either failed to discover or failed to offer. *Id.* at 393, 120 S.Ct. 1495. Counsel failed to prepare for trial in a timely fashion, failed to conduct an investigation which would have uncovered extensive records and information of Williams' background, and failed to introduce evidence that Williams was borderline retarded. *Id.* at 395–96, 120 S.Ct. 1495. Because counsel failed to present this mitigating evidence, the court concluded Williams' constitutional right to effective assistance of counsel was violated. *Id.* at 399, 120 S.Ct. 1495.

Here, Barnett has alleged that he has "various mental illnesses, including being bipolar," and "has had treatment at MHMR." Barnett's statements that "my attorney just asked me if I wanted to tell the jury anything. I did not know what to say. He just did not ask me any questions," questions counsel's investigation, lack thereof, or counsel's lack of engagement at a critical juncture of the trial. Counsel's reasoning is not apparent from the record before us. Without such a record as might be developed at a hearing on Barnett's motion for new trial, we would not be able to decide the issue of whether counsel's performance was deficient. We find that Barnett has alleged facts which could meet the first *Strickland* prong.

If counsel failed to present evidence as to Barnett's mental state or other mitigating evidence based on a failure to investigate, Barnett could also meet the second prong of *Strickland*. In *Freeman*, counsel

enlisted the defendant's mother to testify to her son's mental condition. 167 S.W.3d at 121. Our sister court found that lay testimony, coupled with counsel's failure to investigate, led to lack of mitigation evidence in the form of Freeman's mental health history which "clearly would have been admissible. The jury would have considered it and possibly been influenced by it." *Id.* The court found that trial counsel was ineffective during punishment and that Freeman demonstrated prejudice "even though it is sheer speculation that evidence of his mental illness and his medical history would have in fact favorably influenced the jury's assessment of punishment." *Id.*

We conclude that the motion for new trial and accompanying affidavit give rise to reasonable grounds that could entitle Barnett to relief. *See Stokes,* 298 S.W.3d at 431. Because Barnett's allegations raised reasonable grounds for relief that are not determinable from the record, a hearing on the motion for new trial should have been granted. *Id.* Therefore, we abate this appeal and remand to the trial court for a hearing on Barnett's motion for new trial.

The hearing shall be held within twenty days of the date of this order. A supplemental clerk's record containing the trial court's findings shall be filed with this Court within ten days of the date of the hearing. A reporter's record of the hearing shall also be filed with this Court within ten days of the date of the hearing. All appellate timetables are stayed pending the return of this appeal to the jurisdiction of this Court. The timetables will recommence on the filing of both the clerk's and reporter's records.

IT IS SO ORDERED.