ACCEPTED
14-15-00689-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/5/2015 1:51:44 PM
CHRISTOPHER PRINE
CLERK

NO.  14-15-00689-CR

IN THE COURT OF APPEALS

FOR THE

FOURTEENTH SUPREME JUDICIAL DISTRICT

OF TEXAS

HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

11/5/2015 1:51:44 PM

CHRISTOPHER A. PRINE
Clerk

JOSE PABLO HERNANDEZ
APPELLANT

VS.

THE STATE OF TEXAS
APPELLEE

ON APPEAL
CAUSE NO.  73970
FROM THE 239th JUDICIAL DISTRICT COURT
BRAZORIA COUNTY, TEXAS
HONORABLE PATRICK SEBESTA, JUDGE PRESIDING

BRIEF FOR APPELLANT

PERRY R. STEVENS
ATTORNEY AT LAW
603 E. MULBERRY
ANGLETON, TEXAS 77515
TEL.  (979)848-1111: FAX (979)849-9398
ATTORNEY FOR APPELLANT

–i–

## CERTIFICATE OF COMPLIANCE

I hereby certify this brief is a computer generated document and the computer program used to prepare the document calculates the word count to be 6,865 words.

/S/ Perry Stevens
Perry Stevens
Attorney for Appellant
State Bar No. 00797496

# NAMES OF ALL PARTIES

Jose Pablo Hernandez - Appellant
TDCJ # 02005602
Lopez Unit
1203 El Cibolo Road
Edinburg, TX 78542

Perry R. Stevens
TSB# 00797496
603 E. Mulberry Street
Angleton, TX 77515
(979) 848-1111
(979) 849-9398 fax
Attorney for Appellant

State of Texas-Appellee
Jeri Yenne
Criminal District Attorney
111 East Locust Street, Room 408A
Angleton, Texas 77515
Attorney for Appellee

# SUBJECT INDEX

**TITLE**                                                              **PAGE**

CERTIFICATE OF COMPLIANCE................................................................ii

NAMES OF ALL PARTIES....................................................................iii

SUBJECT INDEX........................................................................iv-xii

LIST OF AUTHORITIES
     Case Law.........................................................................vii-ix
     Constitution......................................................................ix
     Statutes..........................................................................ix

STATEMENT OF THE CASE................................................................x-xi

STATEMENT OF ISSUES PRESENTED…………….……………….……………xii

BRIEF FOR APPELLANT…………………….……………………………………….1

STATEMENT OF THE FACTS....................................................................2

SUMMARY OF ARGUMENT.....................................................................3

POINT OF ERROR ONE.........................................................................4

     APPELLANT CONTENDS TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT WHICH PREJUDICED HIS DEFENSE AND THUS APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

     I.     Standard of Review.........................................................4

     II.     Acts or Omissions Indicative of Deficient Performance..............5

A. Trial counsel denied Appellants right to effective counsel by consulting Appellant as to the charges against him, the facts surrounding the charges, immigration consequences, and his options, while Appellant was shackled to other detainees during pretrial proceedings in open court………………………………….5

1.      Argument and Authorities........................................................5

    a. Counsel's representation fell below an objective standard of reasonableness..................................................................5

    b. The deficient performance prejudiced appellant's defense...............................................................................10

B. Trial counsel denied Appellant's right to effective counsel by failing to prepare or investigate mitigating evidence for the punishment of Appellant…………………………………………………………12

1.      Argument and Authorities.......................................................13

    a. Counsel's representation fell below an objective standard of reasonableness................................................................13

    b. The deficient performance prejudiced appellant's defense...............................................................................18

C. Trial counsel denied Appellant's right to effective counsel by failing to Object the State's request the trial court consider Appellant's lack of legal residency in accessing punishment………………………..20

1.      Argument and Authorities.......................................................20

    a. Counsel's representation fell below an objective standard of reasonableness................................................................20

    b. The deficient performance prejudiced appellant's defense...............................................................................22

III.    Conclusion…….........................................................23

PRAYER.........................................................................28

CERTIFICATE OF SERVICE.................................................30

# LIST OF AUTHORITIES

**CASE**                                                           **PAGE**

*Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005)……………..…….22

*Barnett v.* State, 338 S.W.3d 680 (Tex.App – Texarkana 2011)……………18

*DeRoche v. United States*, 337 F.2d 606 (9th Cir. 1964)……………………..8

*Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980)……………………...25

*Ex parte Ybarra*, 629 S.W.2d 943 (Tex.Crim.App. 1982)……………….…...25

*Freeman v. State*, 167 S.W.3 114 (Tex.App. – Waco 2005)………………....18

*Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330,
       47 L.Ed.2d 592 (1976)…………………………………………………..7

*Gutierrez v. State*, an unpublished opinion (Tex.App. – Dallas 2014)…21, 22

*Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986)……...………11, 19

*Hernandez-Gil*, 476 F.3d 803 (9th Cir. 2007)……………………….……6, 7, 16

*In re I.R.*, 124 S.W.3d 294, 299 (Tex.App. - El Paso 2003)…………………25

*Kelly v. State*, 321 S.W.3d 583, 602 (Tex.App. - Hous. [14th Dist.] 2010)….26

*Kyles v. Whitley*, 514 U.S. 419, 434 (1995)………………………..……..5

*Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001)…………………..26

*McMann v. Richardson,* 90 S.Ct. 1441,397 U.S. 759 (1970)………………..4

*Powell v. Alabama*, 287 U.S. 45 (1932)…………………………………….4

# LIST OF AUTHORITIES
## Continued

**CASE**                                                                          **PAGE**

Ray v. Gonzales, 439 F.3d 582 (9th Cir. 2006)……………………………...6

*Robinson v. State*, 16 S.W.3d 808 (Tex.Crim.App. 2000)……………….....26

*Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App. 1999)..............4, 20, 25

Shanklin *v. State*, 190 S.W.3d 154 (Tex.App. – Hous. (1st Dist.) 2005)……18

*Shelton v State*, 841 S.W.2d 526 (Tex.App. - Fort Worth 1992)…………….25

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,
        80 L.Ed.2d 674 (1984).........................................3, 4, 10, 18, 20, 25, 26

*Suburban Sew 'N Sweep v. Swiss-Bernina*, 91 F.R.D. 254 (N.D. Ill. 1981)…7

*Swidler & Berlin et al v. United States*, 524 U.S. 399, 118 S.Ct. 2081,
        141 L.Ed.2d 379 (1998)……………………………………………………9

*United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, L.Ed.2d 115 (1980)..7

*United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012)………12, 19

*Upjohn v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677,
        L.Ed2d 584 (1981)……………………………………………………...…9, 10

*Vasquez v State*, 830 S.W.2d 948 at 951 (Tex.Crim.App. 1992)…..11, 13, 19

*Villa v. State*, 370 S.W. 3d 787 at 796 (Tex.App. – Eastland 2012)………….27

*Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, L.Ed.2d 30 (1977)…….9

## LIST OF AUTHORITIES

**Continued**

**CASE**                                                                                              **PAGE**

*Wiggins v. Smith*, 590 U.S. 510, 123 S.Ct. 2527,
        156 L.Ed.2d 471 (2003)…………………………......................13, 18, 25

*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)..18

*Webb v. State*, 36 S.W.3d 164,182 (Tex.App. - Hous. [14th Dist.] 2000)…….5

## CONSTITUTION

U.S. CONST. Amends. VI and XIV...........................................................4

## STATUTES

TEX. HEALTH AND SAFETY CODE Sec. 481.112(d)…………..……………x

## STATEMENT OF THE CASE

This is a direct appeal from a conviction for Possession of a Controlled Substance, PG 1 >= 4 grams < 200 grams with the intent to deliver. Appellant was charged by indictment under TEX. HEALTH AND SAFETY CODE Sec. 481.112(d) August 7, 2014. (Clerk's Record at 5). Appellant entered a plea of guilty on January 20, 2015. (II R.R. at 5).

Possession of a Controlled Substance, PG 1 >= 4 grams < 200 grams with the intent to deliver, is a 1st degree felony offense with a range of punishment of not more than 99 years or less than 5 years or life within the Texas Department of Criminal Justice – Institutional Division and a fine not to exceed $10,000.00.

Appellant plead guilty on January 20, 2015 before the Honorable Lisa Burkhalter, visiting Judge Presiding, waived trial, and requested the trial court assess punishment. (II R.R. at 5). Following the development of a presentence investigation report, testimony before the Honorable Patrick Sebesta, Judge Presiding, and argument of counsel, the trial court found Appellant guilty on May 21, 2015. The trial court accessed punishment at 18 years in the Texas Department of Criminal Justice - Institutional Division with

no fine, on May 21, 2015.  (III R.R. at 32).

Appellant retained counsel for the purpose of a motion for new trial. Following a hearing on Appellant's Motion for New Trial, on July 30, 2015, the trial court denied the motion.  Appellant was appointed appellate counsel on August 13, 2015.  (Clerk's Record II at 36).

# STATEMENT OF ISSUES PRESENTED

POINT OF ERROR ONE

APPELLANT CONTENDS TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT WHICH PREJUDICED HIS DEFENSE AND THUS APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

   A. Trial counsel denied Appellants right to effective counsel by consulting Appellant as to the charges against him, the facts surrounding the charges, immigration consequences, and his options, while Appellant was shackled to other detainees during pretrial proceedings in open court.
   B. Trial counsel denied Appellant's right to effective counsel by failing to prepare or investigate mitigating evidence for the punishment of Appellant.
   C. Trial counsel denied Appellant's right to effective counsel by failing to Object the State's request the trial court consider Appellant's immigration status in accessing punishment.

NO.  <u>14-15-00689-CR</u>

IN THE COURT OF APPEALS

FOR THE

FOURTEENTH SUPREME JUDICIAL DISTRICT

OF TEXAS

HOUSTON, TEXAS

---

JOSE PABLO HERNANDEZ
APPELLANT

VS.

THE STATE OF TEXAS
APPELLEE

---

ON APPEAL
CAUSE NO.  73970
FROM THE 239th JUDICIAL DISTRICT COURT
BRAZORIA COUNTY, TEXAS
HONORABLE PATRICK SEBESTA, JUDGE PRESIDING

---

BRIEF FOR APPELLANT

---

**TO THE COURT OF APPEALS:**

COMES NOW, Jose Pablo Hernandez, appellant herein, and files this

his brief in this cause.  This is an appeal from the 239th Judicial District Court,

Brazoria County, Texas.

## STATEMENT OF THE FACTS
## Pursuant to Rule 38.1(f), Texas Rule of Appellate Procedure

The State alleges that on or about May 7, 2014, Appellant "…did then and there intentionally or knowingly possess with the intent to deliver a controlled substance listed in Penalty Group (1), namely cocaine and the amount of said controlled substance was, by aggregate weight, including any adulterants and dilutants, at least four (4) grams but less than two hundred (200) grams." (See Indictment, C.R. at 5).

To this offense Appellant plead guilty and requested to trial court access punishment on January 20, 2015. (II R.R. at 8). Evidence of the offense is limited to the Laboratory report, indicating the weight of the controlled substance was 27.31 grams, (C.R. Vol 1 of 2 at 14), and the presentence investigation report. (C.R. Vol 2 of 2).

The presentence investigation report indicates after obtaining a search warrant for Appellants residence, the Brazoria County Narcotics Task Force entered Appellant's home. Five person were located in the home. Following a search of Appellant, which located cocaine on his person and a search of the residence, locating additional cocaine, which Appellant took responsibility for, Appellant was arrested. (C.R. Vol 2 of 2 at 7-8).

## SUMMARY OF THE ARGUMENT
## Pursuant to Rule 38.1(g), Texas Rule of Appellate Procedure

Appellant's first point of error is his trial counsel was ineffective under the guidelines set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced appellant's defense. Appellant asserts trial counsel was ineffective for failing to properly consult Appellant fully outside the courtroom, consulting Appellant while he was shackled to other inmates, properly prepare Appellant and mitigation evidence for a punishment hearing, and object to the State's argument should be based on Appellants immigration status.

## POINT OF ERROR ONE

**APPELLANT CONTENDS TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT WHICH PREJUDICED HIS DEFENSE AND THUS APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

### I.     The Standard of Review

To prevail on a claim of ineffective assistance of counsel an appellant must prove by a preponderance of the evidence (1) his or her counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App. 1999). The United States Supreme Court as long held applicant had a right to the effective assistance of counsel at trial. U.S. CONST. Amends. VI and XIV; *Powell v. Alabama*, 287 U.S. 45, 59 (1932); counsel must act within the range of competence demanded of counsel in criminal cases. *McMann v. Richardson,* 90 S.Ct. 1441,397 U.S. 759 at 771 (1970).

The appellant must identify specific acts or omissions of trial counsel not the result of reasonable professional judgment. The reviewing Court must then determine whether, in light of all the circumstances, the acts or omissions are outside the range of professionally competent assistance.

Appellant is not required to show he would have been acquitted but for trial counsel's errors.   Appellant must only address the issue of whether he received a fair trial worthy of confidence in the verdict.  *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).   "...if the reviewing court harbors 'grave doubts' that an error did not affect the outcome, that court must treat the error as if it did." *Webb v. State*, 36 S.W.3d 164,182 (Tex.App. - Hous. [14th Dist.] 2000), referencing *United States v. Lane*, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

## II.    Acts or Omissions Indicative of Deficient Performance

**A.**    Trial counsel denied Appellants right to effective counsel by consulting Appellant as to the charges against him, the facts surrounding the charges, immigration consequences, and his options, while Appellant was shackled to other detainees during pretrial proceedings in open court.

### 1.    Argument and Authorities

**a.    Counsel's representation fell below an objective standard of reasonableness.**

The high stakes of a criminal plea bargain and the rules and regulations effecting the immigrant make evident the necessity of the right to counsel

and the right to private uninterrupted consultation. This statutory right to counsel criminal proceedings "stems from a constitutional guarantee of due process." See *Hernandez-Gil*, 476 F.3d 803 at 806 (9th Cir. 2007); *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006).

The issue of attorney-client privilege has been reviewed by the courts and a concern is recognized in immigration courts. These opinions make it clear the discussion of a client's case, the facts, defenses, strategy, and consequences in open court limit the client's ability to open discussion and attorney-client privilege. Although the majority of cases found reflect immigration courts, the theory of attorney-client privilege and the resulting degradation of such privilege is the same in any proceeding which requires the right to due process. The Ninth Circuit has made clear that the "importance of the right to counsel, whether it is guaranteed by the Constitution or by Congressional action, cannot be overstated." *Hernandez-Gil,* 476 F.3d 803 at 806 (9th Cir. 2007). Accordingly, courts require that the right to counsel include a genuine opportunity for an attorney to consult with his client and stage a defense.

Defendants' in shackles with other inmates impairs their ability to openly discuss a defense with counsel. Communication while shackled

together with multiple defendants—vitiates the right of a defendant to confidential communications with counsel, impedes the client's ability to provide information, and renders it impossible for the defendant to receive adequate consultation at a crucial phase of the proceedings. The right to counsel encompasses the right to confer in confidence with an attorney. *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, L.Ed.2d 115 (1980); *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).

The Supreme Court has recognized that "the role of counsel is important precisely because ordinarily a defendant is ill-equipped to understand and deal with the trial process without a lawyer's guidance." *Geders*, 425 U.S. at 88. As the Ninth Circuit has observed, "it is difficult to imagine a layman more lacking in skill or more in need of the guiding hand of counsel than an alien who often possesses the most minimal of educations and must frequently be heard not in the alien's own voice and native tongue, but rather through an interpreter." *Hernandez-Gil,* 476 F.3d 803 at 806 (9th Cir. 2007). When a detainee is physically shackled to other detainees, the attorney-client privilege is put in jeopardy. *Suburban Sew 'N Sweep v. Swiss-Bernina,* 91 F.R.D. 254, 258 (N.D. Ill. 1981). Appellant did not have the full benefit of private consultation. Both trial counsel and Appellant testified the

private consultations were limited to, two jail house visits by trial counsel. (IV R.R. at 7). Trial counsel testified he met and spoke with Appellant in court with other inmates and guards/jailers. (IV R.R. at 7). Trial counsel testified he discussed the case in open court on multiple occasions. (IV R.R. at 18). The State fails to recognize this is **not** a genuine opportunity for a client to consult with his attorney and stage a defense. The final offer open for one day only was given in the courtroom with little time to reflect on the consequences of accepting or rejecting the plea. (II R.R. at 9). Therefore, the brief interaction during a court appearance may be the only opportunity Appellant had to obtain legal advice before critical decisions were made in his case. An acceptance of such practice by the Court will continue to force defendants to conduct consultations with a less than diligent attorney while bound to other inmates.

The approval of this practice substantially burdens—if not denies—the right to counsel guaranteed by statute and the Fifth Amendment. *DeRoche v. United States*, 337 F.2d 606, 607 (9th Cir. 1964) "…time for preparation permitting merely a perfunctory appearance on behalf of the defendant fails to redeem the constitutional guarantee." The importance of "full and frank communication between attorneys and their clients" has been recognized for

centuries. *Swidler & Berlin et al v. United States,* 524 U.S. 399, 403, 118 S.Ct. 2081,141 L.Ed.2d 379 (1998)(citing *Upjohn v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, L.Ed2d 584 (1981)). Candid disclosure from a client is necessary for the lawyer to be able to adequately represent the client. *Upjohn v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, L.Ed2d 584 (1981). "…sound legal advice or advocacy . . . depends upon the lawyer's being fully informed by the client." "Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners"; see also Model Rules of Prof'l Conduct R. 1.1 cmt. 5 (2002). The consultation of a client while shackled to other inmates and surrounded by guards, unnecessarily restricts the communication of defendants, thereby limiting attorney-client communications and hampering representation. *Weatherford v. Bursey*, 429 U.S. 545, 545 (n 4), 97 S.Ct. 837, L.Ed.2d 30 (1977). The impact of in court consultation while shackled to other defendants, on the attorney-client privilege therefore presents an actionable challenge. Being chained to others forces an Appellant to choose between discloser of personal information, or relevant facts, within earshot of other inmates and guards or withhold important information from their

counsel which could be crucial to their cases. Facts that may be critical to a defendant's fear of speaking openly of the facts of his case include persecution based on health status (i.e. mental health), immigration status, or other constitutionally protected grounds may be difficult or even dangerous to utter in front of other defendants creating justifiable fear of the potential for retribution if they disclose the facts of their case within earshot of others who may be aligned with the prosecution. The State through the questioning of trial counsel fails to recognize these conflicts without consideration of the defendant who is forced to balance complete candor with counsel, which is necessary for effective representation, against disclosure of sensitive, personal information, a clear impediment to Appellant's right to effective counsel.

Because communication with one's attorney is an essential part of receiving effective counsel, *Upjohn*, 449 U.S. at 389, Appellant respectfully request this Honorable Court to sustain his point of error.

b.       **The deficient performance prejudiced appellant's defense.**

Under the second prong of *Strickland v. Washington*, Appellant must show there is a reasonable probability the result of the proceeding would have been different, that counsels' decision undermined confidence in the

outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Vasquez v State*, 830 S.W.2d 948 at 951 (Tex. Crim. App. 1992).

Appellant testified he would have accepted the 12 year offer had he fully understood the ramifications of pleading guilty and requesting the trial court access punishment. (IV R.R. at 43). Appellant testified he requires things to be repeated and has difficulty comprehending. (IV R.R. at 35). Appellant testified he did not fully understand what was happening but trusted his attorney. (IV R.R. at 38-41). Appellant testified he had difficulty understanding the plea papers and trial counsel did not fully explained to him or answer his questions prior to his entering a plea. (IV R.R. at 39).

Appellant's testimony is supported by trial counsel's testimony. Trial counsel testified he was aware of Appellant's limited mental capabilities, but did nothing with respect to the issue. (IV R.R. at 15). Trial counsel testified Appellant required repeated explanation, two or three times. (IV R.R. at 30). Trial counsel testified, in response to "you never left him with the felling he didn't know what was going on, correct?", "No, **I don't think so**." (IV R.R. at 19). With regards to the review of the plea papers, trial counsel explained

what it meant but didn't read it word for word.  (VI R.R. at 16).

Appellant's medical condition and the difficulty Appellant has with comprehension is supported by testimony of his sister n law.  (IV R.R. at 54 - 55).  In *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012), the Court stated:

> "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can **\*357** make an intelligent choice.  Where a defendant persists in a plea of not guilty, counsel's failure to properly inform him about potential sentencing exposure may constitute ineffective assistance"

Appellant was harmed by the additional time he received in punishment by not being fully aware of the consequences of pleading guilty and asking the trial court to access punishment due to his trial counsel's failure to fully advise him outside the courtroom.  This failure to advise Appellant outside the courtroom resulted in reduced individual focus on Appellant's defense and trial strategy.  It cannot be said that Appellant was properly informed of "the relevant circumstances and the likely consequences of his decision" and all aspects involved prior to pleading guilty and proceeding to punishment before the trial court.  Thus Appellant asserts there is a reasonable probability the outcome would be different.  A

"reasonable … probability sufficient to undermine confidence in the outcome." *Vasquez v State*, 830 S.W.2d 948 at 951 (Tex. Crim. App. 1992).

**B.** Trial counsel denied Appellant's right to effective counsel by failing to prepare or investigate mitigating evidence for the punishment of Appellant.

1. **Argument and Authorities**

a. **Counsel's representation fell below an objective standard of reasonableness.**

The record contains sufficient evidence trial counsel did little to prepare for punishment. *Wiggins v. Smith*, 590 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471, (2003). Trial counsel failed to provide or develop mitigating evidence from a defensive perspective. The question for the Court in evaluating Appellant's claim is not whether counsel should have presented a mitigation case, but whether his failure to explore the options available to Appellant was reasonable. *Id.* at 523.

The record shows counsel had notice of Appellant's history and family support. (C.R. within the Presentence Investigation Report). The presentence investigation provides evidence of support and Appellant's

history. However trial counsel failed to expand on this information. Trial counsel testified he was made aware of Appellant's limited mental skills but failed to expand or examine this further. (IV R.R. at 15). In response to whether the family advised trial counsel as to Appellant limited cognitive skills, trial counsel testified, "Yes, they did mention that he had some troubles, that he was - - that he - - he had difficulty comprehending things and that he had one of those mental problems of some type… but …that's about it. I didn't take it any further than that." (IV R.R. at 15). In response to Appellant's understanding of trial communications, trial counsel again fails to establish Appellant fully understood. (IV R.R. at 19 and 30). Counsel explained he was simply focused and concerned with the "Santa Muerte Shrine." (IV R.R. at 11).

The record contains sufficient evidence trial counsel did little to prepare Appellant for testifying at the punishment hearing. Trial counsel only met with Appellant twice in private at the detention center, May, 2014, the initial visit following retainer, and November of 2014. (IV R.R. at 7 and 35). Trial counsel does testify he meet and spoke with Appellant during each court appearance and discuss the facts of the case. Counsel justifies this communication while Appellant is shackled to other inmates and within

earshot of guards, by testifying he spoke some in Spanish. (IV R.R. at 7). This counsel believes is sufficient representation. Appellant respectfully request the Court to consider the above discussion of Attorney-Client privilege with regards to consultations while a defendant is shackled to other inmates. Additionally justification of speaking Spanish does little to insure privacy in consideration of the demographics of the south Texas region. During the November meeting trial counsel testified Appellant and he discussed the facts of the case and concerns with a trial before a jury. (IV R.R. at 11). However trial counsel did not discuss any preparation of Appellant to testify. In response to the State's question, "did you and your client both agree that you were going to structure the best possible information to put before the Court, correct?" Trial counsel stated "Yes". (IV R.R. at 22). Appellant would ask this court to consider the truth of this when evaluated with evidence he never meet with Appellant to discuss the punishment hearing. By trial counsel's own admission he never meet with Appellant after November 2014 in which his consultation was limited to the evidence and range of punishment. (IV R.R. at 11). As stated above the Ninth Circuit has made clear that the "importance of the right to counsel, whether it is guaranteed by the Constitution or by Congressional action,

cannot be overstated." *Hernandez-Gil,* 476 F.3d 803 at 806 (9th Cir. 2007).

Accordingly, courts require that the right to counsel include a genuine opportunity for the client to consult with his or her counsel and stage a defense.

Appellant plead guilty on January 20, 2015 and testified at his sentencing hearing on May 21, 2015. (III R.R. at 1 and 4). However trial counsel would have the Court believe Appellant was sufficiently prepared to testify even though he recognized Appellant sometimes failed to understand his communication. (IV R.R. at 19 and 30). With knowledge of Appellant's limited ability, trial counsel choose to review the paper work for a plea in open court while Appellant was shackled to other prisoners. (IV R.R. at 7 and 16). Paper work in which trial counsel himself has difficulty in clarifying, in response to questions as to eligibility for community supervision and the right of appeal, evidence of the difficulty of testifying even with the experience and education of license attorney. (IV R.R. at 13-14). Additionally trial counsel placed Appellant in the position to be subjected to cross examination without any preparation. Again Appellant ask this Court to recognize the difficulty trial counsel has testifying. (IV R.R.). Trial counsel, by his own testimony, limited his representation to gathering letters on behalf of Appellant and

submitting them to the probation office. Trial counsel testified he personally collected letters from multiple people and supplied them to the probation office. (IV R.R. at 23). However the presentence investigation report contradicts this testimony by establishing the letter's where received from Appellant's sister-in-law on May 4, 2015. (Clerk's Record page 17). There is no objection to this statement by trial counsel when requested by the trial court. (III R.R. at 6). Trial counsel did not even personally contact the officer in charge of preparing the presentence investigation report as evidenced by the report itself. (Clerk's Record page 17). How much credit can be given to trial counsel's testimony?

Appellant was facing life in the Texas Department of Criminal Justice-Institutional Division, what did trial counsel do to prepare himself or his client for sentencing on May 21, 2015? During the punishment hearing trial counsel asked Appellant to state his name, if he was in fact the same defendant named in the indictment, clarified Appellant's mother's death while he was incarcerated, and that he sold drugs to pay for her medication. Less than two pages of questions and answers. (III R.R. at 7 and 8). Following the State's cross of Appellant, trial counsel focused on the "Santa Muerte Shrine" and Appellant's religious belief and his request for community

supervision. Less than three pages of questioning. (III R.R. at 18-21). Then in summary, trial counsel clarifies, Appellant only made major drugs deals 4 or 5 times. (III R.R. at 26). Is this reasonable evidence to focus on for mitigation of punishment? Of the twenty-seven pages of testimony, trial counsel is only responsible for five pages of questioning of his client. Nothing further, no family, no medical records, no jail records, no clarification of the Spanish written letters contained within the presentence investigation report, nothing to provide the court in considering a range of punishment of 5-99, or life.

Trial counsel for Appellant performance was deficient. *Wiggins v. Smith*, 590 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471, (2003); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000): *Barnett v.* State, 338 S.W.3d 680 (Tex.App – Texarkana 2011); Shanklin *v. State*, 190 S.W.3d 154 (Tex.App. – Hous. (1st Dist.) 2005); *Freeman v. State*, 167 S.W.3 114 (Tex.App. – Waco 2005).

**b.     The deficient performance prejudiced appellant's defense.**

Under the second prong of *Strickland v. Washington*, Appellant must show there is a reasonable probability the result of the proceeding would

have been different, that counsels' decision undermined confidence in the outcome of the trial. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Vasquez v State*, 830 S.W.2d 948 at 951 (Tex. Crim. App. 1992).

Appellant testified he would have accepted the 12 year offer had he known his trial attorney would not act in a responsible, reasonable manner in representing his interest. Appellant would have accepted the offer had he known his trial attorney was not going to prepare both Appellant and additional evidence for presentation to the trial court. Therefore it is uncontested the result would of the proceeding would have been different. Appellant did not deny he was willing to accept the 12 year offer had he been fully aware of the misguided trust Appellant had in his trial attorney.

In *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012), the Court stated:

> "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can **\*357** make an intelligent choice. Where a defendant persists in a plea of not guilty, counsel's failure to properly inform him about potential sentencing exposure may constitute ineffective assistance.

Trial counsel's performance was deficient and this deficiency prejudiced Appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rosales v. State*, 4 S.W.3d 228, 231 (Tex.Crim.App. 1999).

**C.** Trial counsel denied Appellant's right to effective counsel by failing to Object the State's request the trial court consider Appellant's immigration status in accessing punishment.

**1. Argument and Authorities**

**a. Counsel's representation fell below an objective standard of reasonableness.**

The State requested the trial court punish Appellant due to his immigration status. "We'd ask the Court to consider … the fact that Mr. Hernandez is not even a citizen of this country and has no right to be in this country, yet has come into this country…" (III R.R. at 28). Appellant's alien status was not a contested issue nor is there evidence he is here illegally.

To this, the record is silent as to whether Appellant is a registered alien or not. However, to this request trial counsel fails to object.

As reviewed in *Gutierrez v. State*, an unpublished opinion (Tex.App. – Dallas 2014), the State cannot show this is an extraneous offense or prior "bad act." Additionally, as in *Gutierrez v. State*, the State argued that his status justified a harsher punishment. To this issue of punishment based on immigration status, *Gutierrez v. State* has a complete review;

> "There is no question that discrimination based on race, ethnicity or national origin is prohibited by the due process, due course of law, equal protection, and equal rights clauses of the United States and Texas Constitutions. *Flores v. State*, 904 S.W.2d 129, 130 Tex. Crim. App. 1995). Further, the equal protection clause of the United States Constitution also protects immigrants whose presence in this country is unlawful. *See Plyler v. Doe*, 457 U.S. 202, 212 (1982). Sentencing a defendant more harshly based solely on his alien status violates the defendant's constitutional right to due process. *See United States v. Garcia-Cardenas*, 242 Fed. Appx. 579, 583 (10th Cir. 2007); *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991); *United States v. Gomez*, 797 F.2d 417, 419 (7th Cir. 1986); *see also United States v. Borrero-Isaza*, 887 F.2d 1349, 1352 (9th Cir. 1989)."

The prosecutor's argument to punish Appellant based on his immigration status was not to show a lack of his ability to follow the law but simply to justify a harsher punishment.

When no reasonable trial strategy can justify trial counsel's failure to

act, in this case, failure to object, counsel's performance is below a standard of reasonableness. *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005). In those rare cases which there is no conceivable basis of reasonable trail strategy for counsel's failure to object, trial counsel performance is deficient. *Gutierrez v. State*, unpublished opinion (Tex. App. – Dallas 2014).

**b. The deficient performance prejudiced appellant's defense.**

Appellant, age 29, was eligible for probation and thus had no prior felony record. Although Appellant's criminal history is steady, it does appear to stop until the illness of his mother, thus giving support as to his reasoning for committing the crime. Appellant's criminal history contained within the presentence investigation report shows twenty-five violations of the law. Fifteen of the violations while Appellant was a juvenile. Of the fifteen, two have no indication of a final disposition and thirteen from the same adjudication date, September 7, 2000, Fifteen years earlier. Six violations as an adult represent class C and B misdemeanor violations. The remaining four criminal violations are the current allegations pending, one of which Appellant plead guilty and is the basis for the conviction he now appeals. (C.R. 2 of 2 at 13-14). Of the four pending allegations, two are Class B and

Class A misdemeanors, one is a State jail felony, leaving the 1st degree felony, the subject of this appeal. In consideration of his testimony, his motive for selling drugs was to care for his mother and the letters of support indicating his love for his mother and good disposition it is reasonable to conclude Appellant was harmed by this un-objected to and unanswered request to punish Appellant based on his immigration status. The probability of prejudice is sufficient to undermine confidence in the sentencing of Appellant.

## III. Conclusion

The State during the hearing on the Motion for New Trial focused on Appellant's plea was voluntarily and knowingly made, without coercion. In closing on the Motion for New Trial the State focused on the following points of trial counsel's representation: (1) "received money"; (2) "made visits to the jail to see his client"; (3) "made multiple visits to this courtroom on docket days to discuss the case"; (4) "received plea offers"; (5) "negotiated plea offers"; (6) "compiled letters for a PSI" (this is argued twice has if to enhance trial counsel efforts); (7) "went over the range of punishment with his client"; (8) "went over the offense report…everything associated with this case, he

reviewed it"; (9) "offers were conveyed and rejected" and; (10) a consensus was let's gather and let's get everything together **and that's what he did.**" (IV R.R. at 60). The State in closing reiterates Appellant's plea was "knowingly and voluntarily". (IV R.R. at 60).

The State fails to recognize the most important issue to Appellant, trust. Appellant testified he trusted his attorney. (IV R.R. at 41). He believed he could trust his attorney to do more then to present him to a prosecutor for cross examination and a trial court for sentencing without preparation, without investigating/interviewing witnesses, without representing Appellant to the presentence investigator, and without more than an argument to the trial court that the State has a financial motive to convict Appellant, (IV R.R. at 29), that cocaine is no more harmful than alcohol, (IV R.R. at 30), the marijuana was for personal use, (IV R.R. at 30), and finally trial counsel compares the State's request of fifty years to that which a defendant received in a "horrendous…bloody crime" to "sin" and therefore the trial court should apparently give the defendant less. (IV R.R. at 31). Never does trial counsel request community service from the trial court. Counsel did nothing to prepare mitigation for Appellant. The State believes the efforts as noted above relieves trial counsel duty to prepare defendant and present mitigation

evidence. Without an investigation into possible mitigation evidence, trial counsel cannot justify a failure to present mitigation evidence. Trial counsel cannot make decisions or properly advise his client to go to the trial court without first knowing how and with what evidence would mitigate punishment. *Wiggins v. Smith*, 590 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471, (2003). Trial counsel failed in his responsibility to prepare a client that trusted him.

Appellant counsel's representation fell below an objective standard of reasonableness and this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999).

Trial counsel's representation, so compromised the proper functioning of the adversarial process, the trial cannot be said to have produced a reliable result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *In re I.R.*, 124 S.W.3d 294, 299 (Tex.App. - El Paso 2003); *Shelton v State*, 841 S.W.2d 526 (Tex.App. - Fort Worth 1992); *Ex parte Ybarra*, 629 S.W.2d 943, 948 (Tex.Crim.App. 1982); *Ex parte Duffy*, 607 S.W.2d 507, 518 (Tex.Crim.App. 1980). "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the

errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Strickland* at 694, 104 S.Ct. 2052.

"In the rare cases in which the record on direct appeal is sufficient to show that counsel's performance was deficient, an appellate court should address the claim." *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App. 2000).

> "In summary, a reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications...[T]he reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making... In other words, a reviewing court must always examine whether the trial was an essentially fair one."

*Kelly v. State*, 321 S.W.3d 583, 602 (Tex. App. - Hous. [14th Dist.] 2010) (citing *Harris v. State*, 790 S.W.2d 568, 587 - 88 (Tex. Crim. App. 1989).

An appellant may prevail on an ineffective assistance claim by providing a record that affirmatively demonstrates that counsel's performance was not based on sound trial strategy. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). "…while the wisdom of trial strategy

is not for us to judge, **\*796**.  We will inquire into such matters when there appears to be no plausible basis for trial counsel's actions." *Villa v. State*, 370 S.W. 3d 787 at 796 (Tex. App. – Eastland 2012) ref. *Johnson v. State*, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).

The State, by their questioning of trial counsel at the hearing on the Motion for New Trial, would have this Court believe trial counsel's representation due to his review of their file, multiply request for plea offers, and providing research justifies his representation.  (IV R.R. at 20).  Although this may be zealous request and justification for less years in TDJC, it does not meet the standards of representation as noted by the Courts as established by their opinions pointed out above.  The State continues their questioning of trial counsel to show his knowledge of the difficulties with a trial before a jury, due to the amount of cocaine and the shrine.  "…it could be - - he could get hammered pretty good?"  (IV R.R. at 21).  However this fails to justify a failure to prepare a client for a hearing on mitigation, especially for a case both the State and trial counsel recognized by their own admission to be challenging.  (IV R.R. at 21).

The State argues Appellant's testimony is less than credible.  The State will ask the court to consider Appellant's motivation in what his

testimony is. The argument is the Appellant has his freedom at stake and therefore his testimony is less than credible.

Appellant ask this court to consider the motivation of an attorney who has failed to do his job and the meaning of being found ineffective. The evidence of trial counsel's lack of credibility with regard to his efforts in representing his client during the presentence investigation must be considered. The State's closing statement goes both ways: "When somebody is trying to be honest, it's the State's position they should just accept full responsibility and come out whether it's good, bad, or indifferent, come clean all the way…" (IV R.R. at 28).

Appellant's conviction under TEX. HEALTH AND SAFETY CODE Sec. 481.115(b), is not a verdict worthy of confidence. Appellant was harmed by trial counsel's failure to properly consult Appellant fully outside the courtroom, consulting Appellant while he was shackled to other inmates, properly prepare Appellant and mitigation evidence for a punishment hearing, and object to his punishment being based on his immigration status. Accordingly, he is entitled to a new trial. Appellant request this Honorable Court sustain his point of error one.

## PRAYER
### Pursuant to Rule 38.1(I), Texas Rules of Appellate Procedure

WHEREFORE, PREMISE CONSIDERED, Appellant prays this Honorable Court sustain Appellant's point of error one. Upon said finding, Appellant respectfully request this Honorable Court reverse the judgment of the trial court and remand to the trial court for a new trial.

In the alternative Appellant respectfully request this Honorable Court remand the trial court for a new punishment hearing.

Respectfully Submitted,
Perry R.  Stevens
Attorney at Law
603 East Mulberry
Angleton, Texas 77515
(979) 848-1111 Telephone
(979) 849-9398 Facsimile


By:  /S/ Perry Stevens
PERRY STEVENS
Attorney for Appellant
State Bar No.  00797496

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to Jeri Yenne, 111 East Locust, Suite 408A, Angleton, Texas 77515, on the 5th day of November, 2015.

/S/ Perry Stevens
Perry Stevens
Attorney for Appellant
State Bar No.   00797496