

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00195-CR

_____

JEFFREY LAWRENCE MACDONALD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 44,604-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In a single trial court case, Jeffrey Lawrence MacDonald, pled guilty in open pleas to two counts of aggravated sexual assault of a child,[1] one count of sexual assault of a child,[2] and one count of indecency with a child by sexual contact.[3] MacDonald was found guilty and, after a nonjury punishment trial, was sentenced to life imprisonment on each of the first two counts and twenty years' imprisonment on each of the latter two counts, all to run concurrently. On appeal, the indigent MacDonald complains of not being allowed funds to pay for a proposed mitigation expert and of being assessed attorney fees for his appointed counsel.

We modify the judgment to strike the assessment of attorney fees and affirm the judgment, as modified, because (1) denying the motion for an expert was not an abuse of discretion and (2) the assessment of attorney fees was erroneous.

## (1) Denying the Motion for an Expert Was Not an Abuse of Discretion

In a pretrial motion unaccompanied by affidavits or other evidence, MacDonald sought the appointment, at state expense, of Wade French, a licensed professional counselor. After a statutorily authorized ex parte hearing held two weeks before trial, at which hearing no evidence was presented but only argument of counsel was heard, the trial court denied the motion.

---

[1]*See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2015).

[2]*See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

[3]*See* TEX. PENAL CODE ANN. § 21.11 (West 2011).

On appeal, MacDonald claims that he made a sufficient showing of his need for the expert assistance and that denying him that assistance produced a fundamentally unfair trial. The State argues that, because MacDonald did not demonstrate that the expert would likely be a significant factor in MacDonald's defense, the trial court was within its discretion in denying the motion. We agree that MacDonald did not demonstrate his entitlement to have his motion granted.

An indigent defendant that makes a threshold showing that expert assistance would likely be a significant factor in allowing him or her the basics in defending the charge is entitled to the appointment of an expert. *Ake v. Oklahoma*, 470 U.S. 68, 82–83, 86 (1985); *Griffith v. State*, 983 S.W.2d 282, 286–87 (Tex. Crim. App. 1998). While, constitutionally, an expert must be appointed in some circumstances, the State is not required to "purchase for the indigent defendant all the assistance that his wealthier counterpart might buy . . . ." *Ake*, 470 U.S. at 77.

In evaluating a request for state funds to pay a defense expert, three factors are relevant: (1) the defendant's interest that will be affected, (2) the government's interest that will be affected, and (3) the probable value of having the expert weighed against the risk of "erroneous deprivation" without the expert. *Id.*; *Rey v. State*, 897 S.W.2d 333, 337 (Tex. Crim. App. 1995). The underlying purpose is to see that an indigent defendant will have a competent expert to assist with the basics of presenting a defense. *Ake*, 470 U.S. at 77; *Griffith*, 983 S.W.2d at 286. The context of the request, the type of expert, and the nature and complexity of the field of specialty are factors in determining if the expert will be a significant factor at trial. *Griffith*, 983 S.W.2d at 286–87. "The key question appears to be whether there is a high risk of an inaccurate verdict absent the appointment of the requested expert." *Busby v. State*, 990 S.W.2d 263, 271 (Tex. Crim. App.

1999).  The defendant must make a threshold showing of his or her particularized need for the expert's assistance.  *See Griffith*, 983 S.W.2d at 286–87; *Rey*, 897 S.W.2d at 339.  To make that showing, a defendant must offer more "than undeveloped assertions that the requested assistance would be beneficial."  *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 323–24 n.1 (1985)); *Rey*, 897 S.W.2d at 339.  He or she must demonstrate a reasonable probability that an expert would be helpful and that he or she would have a fundamentally unfair trial without that help.  *Davis v. State*, 905 S.W.2d 655, 659 (Tex. App.—Texarkana 1995, pet. ref'd).

We review the trial court's denial of the appointment of an expert for an abuse of discretion.  *Griffith*, 983 S.W.2d at 287; *De Freece v. State*, 848 S.W.2d 150, 154 n.3 (Tex. Crim. App. 1993).  We look to the facts and arguments before the trial court at the time of its ruling.  *Rey*, 897 S.W.2d at 342 n.9.

> In cases holding that a sufficient showing was not made under *Ake*, the defendant typically has failed to support his [or her] motion with affidavits or other evidence in support of his [or her] defensive theory, an explanation as to what his [or her] defensive theory was and why expert assistance would be helpful in establishing that theory, or a showing that there was a reason to question the State's expert and proof.

*Id.* at 341.

In his motion for appointment of an expert and the ex parte hearing, MacDonald claimed that he needed French to complete a sex offender risk assessment, to draft a mitigation report, and to testify at MacDonald's trial.  MacDonald's motion was not accompanied with any supporting affidavit setting out any facts underlying his claim.  At the pretrial hearing on the motion,

4

MacDonald argued that he hoped to get from the proposed expert the opinion that MacDonald's acts were isolated incidents, not a habitual pattern of behavior. No evidence was adduced at the pretrial hearing. The caselaw supporting the right to the appointment of an expert requires a particularized factual showing to back up the request for an expert. *See Williams*, 958 S.W.2d at 192; *Rey*, 897 S.W.2d at 339 Even if MacDonald had backed up his claims with evidence, the request appears to have been based on hope or speculation, not on any specified, known benefit that was expected from the assistance. In fact, after generally outlining his hopes for the expert, MacDonald's counsel said, "Looping all this together, Judge, I think there's something that the expert witness can do for us in this case. I don't know what it is, but if I don't ask for an expert, I'd live under the threat" of being found ineffective.

We add that the proposed expert is a licensed professional counselor, not a scientific expert, mitigation expert/investigator, or psychiatrist. As such, the trial court, which was to assess punishment, could conclude that his potential impact on assessment of punishment would not be significant. The nature of the testimony apparently sought by MacDonald does not lead us to conclude that there was a high risk of an inaccurate result without French's appointment. *See Busby*, 990 S.W.2d at 271. Thus, MacDonald did not make the required showing of his need to

obtain an expert witness. The trial court did not abuse its discretion when it denied MacDonald's

motion for the appointment of an expert.[4]

We overrule this issue.

*(2)     The Assessment of Attorney Fees Was Erroneous*

MacDonald also asserts that he was improperly assessed attorney fees in the trial court's

judgment. We agree.

Though the record demonstrated, and the trial court had found, that MacDonald was

indigent, the judgment ordered that MacDonald pay attorney fees. A trial court may order an

indigent defendant to pay a court-appointed attorney's fees only if "the judge determines that [the]

defendant has financial resources that enable the defendant to offset in part or in whole the costs

of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC.

ANN. art. 26.05(g) (West Supp. 2015). "[T]he defendant's financial resources and ability to pay

are explicit critical elements in the trial court's determination of the propriety of ordering

---

[4]Nothing in our opinion should be understood to ratify the use of the *Ake* right to obtain expert assistance in post-conviction situations. *See, e.g.*, *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 n.11 (Tex. Crim. App. 2011); *Harper v. State*, 930 S.W.2d 625, 633 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Yet, neither do we hold—and the State does not argue—that the right to have expenses paid for a defense expert, such as one focused on punishment-mitigation issues, does not extend to the punishment phase of trial.

During the punishment phase of a criminal trial, "[r]egardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2015); *see also Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008) (holding that relevance is "a question of what is helpful . . . in determining the appropriate sentence" (quoting *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006))). That relevant information may often include testimony from a mitigation expert/investigator, and defense counsel may be ineffective in failing to pursue such information. *See Lampkin v. State*, 470 S.W.3d 876, 919–20 (Tex. App.—Texarkana 2015, pet. ref'd); *see also Barnett v. State*, 338 S.W.3d 680, 686 (Tex. App.—Texarkana 2011, order) (potential mitigating evidence during punishment phase may often be most important of whole case) (citing *Milburn v. State*, 15 S.W.3d 267, 269 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)); *Freeman v. State*, 167 S.W.3d 114, 117 (Tex. App.—Waco 2005, no pet.).

reimbursement of costs" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

This record contains no finding by the trial court that MacDonald had financial resources or was otherwise able to pay his appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). The State agrees. Accordingly, we modify the trial court's judgment by deleting the assessment of attorney fees.

As modified, the trial court's judgment is affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted: June 24, 2016
Date Decided: June 27, 2016

Do Not Publish